By the Court,
Nelson, C. J.
The record of judgment has not been brought up, and objections to errors in form, that might be corrected in making it up, cannot be entertained. The return of the clerk of the sessions need contain no more than a copy of the indictment, bill of exceptions, and judgment of the court. 2 R. S. 620, § 20. It was stated on the argument that two distinct offences of burglary of different degrees were contained in the same count against the prisoner; but on looking at the return, the objection is not sustained in point of fact. The indictment against the principal, a copy of which is given, may be regarded as surplusage; as the one against the prisoner contains all that is essential to constitute the of-fence, and is substantially in due form. 2 Chitty’s Crim. Law, 6. It sets forth an indictment against the principal, and then the charge as accessary.
The material question in the case is, as to the competency of the proof of the conviction of the principal: in other words, whether the original minutes of the trial in the oyer and terminer were proper evidence of the fact. It is clear they are not proper evidence at common'law. 13 John. R. 82 ; 14 Id. 182 ; Cowen & Hill’s Notes, 1063, n. 718. They might be when used in the same court in which they were made. 8 Barn. & Cres. 341. The question then is, have they been made evidence by statute ? The only provision *that can be relied on is as fol- [ *468 ] lows: “ A copy of the minute of any conviction, with the sentence of the court thereon, entered by the clerk of any court, duly certified by the clerk in whose custody such minutes shall be, under his official seal, ’ together with a copy of the indictment, &c., certified in the same manner, shall be evidence in all courts and places of such conviction, in all cases where it shall appear by the certificate of the clerk or otherwise that no record of judgment of such conviction has been signed and filed.” 2 R. S. 618, § 10. A copy of the minutes having been thus made competent, it is supposed the originals are equally so; which I admit reasonably follows. By section five, it is made the duty of the clerk in any court in which judgment upon conviction has been rendered, to enter it fully on the minutes, stating briefly the offence for which such conviction was had, and the court are to inspect such entries aud conform them to the facts. The sixth section makes it the duty of the district attorney to prepare for the clerk the statement of the offence, as the same is charged in the indictment, to be entered in the minutes ; but the court are to inspect it and see that it conforms to the indictment. Now, these are the minutes, a copy of which, under the tenth section, are competent evidence of the conviction ; they are also the originals that may be used for the like purpose. The truth is, that these sections provide a substitute for the record of conviction required at com *358 mon law, and were so intended by the legislature. 3 R. S. 851. The copy certified by the clerk corresponds to the exemplified or sworn copy of the record of conviction, and the revised minutes to the original record. Either are competent, provided no record has been made. If it has, that is still regarded as the best evidence.
Upon this view, I think the court erred in admitting the original entries, or rough minutes, and the parol testimony of the clerk, as proof of the conviction of Saxby. They were in no sense the revised minutes contemplated by the statute. The engrossed minutes spoken of by the clerk, if any, are to be regarded as such; but even these, for aught that appears, did not embrace the requisite matters. It may be, however, from the [ *469 ] course the trial took, that these minutes *are not fully stated.
The act obviously intended a careful entry of the offence and conviction, after verdict, beyond the mere rough memoranda of the clerk; and such seems to have been his understanding of the law in the case, from the revised minutes which are alluded to. We are to assume these were made out under the supervision of the court; if not, even they were incompetent. But assuming they were, they afforded the only competent evidence of the conviction; and the court erred by permitting an impeachment of their correctness.
Judgment reversed, venire de novo.