HENSON, Administrator, *v.* OTT.

Petition, under art. 14, c. 30, R. S. 1843, by the plaintiff, as being entitled to a distributive share of the personal estate of an intestate, against the administrator, to be allowed to receive such share. The right of the plaintiff to the portion claimed, turned upon the construction of a statute, and the persons interested in a construction adverse to the plaintiff's were not made defendants. *Held,* that they were not necessary parties.

A person died intestate in *April,* 1850, leaving surviving him no widow, nor children nor their descendants, nor father, nor mother, but leaving brothers and sisters who were only of the half blood. *Held,* that the brothers and sisters of the half blood were, by the R. S. 1843, entitled, upon distribution, to the intestate's personal estate.

Where a man has sold real estate and dies intestate, the unpaid purchase-money, in whatever way secured, becomes assets in the hands of the administrator, and without reference to the source whence the land was derived, the transmission of such purchase-money is governed by the rules relating to the distribution of the personal property of intestates.

Saturday,
May 31.

APPEAL from the *Martin* Probate Court.

STUART, J.— *Ott* filed his petition against the appellant, as the administrator of *Andrew Henson,* deceased.

The petition sets out the death of *Andrew Henson* in *April,* 1850; that letters of administration were granted to *Zimri Henson* in *April,* 1850; that the administrator has collected of monies belonging to the estate 600 dollars, which sum, deducting 200 dollars of debts and expenses, will remain for distribution among the heirs and next of kin; that *Andrew* died unmarried, without any children or heirs of his body, or any lineal descendants surviving him; and that the father and mother of the said *Andrew* also died before him; that the nearest relation of the said *An-*

May Term,
1856.

HENSON
v.
OTT.

*drew* surviving him, in the right line ascending, is *Jemima Henson*, his paternal grandmother.

It is further stated that the said *Andrew* left no brothers or sisters of the whole blood surviving him, but that of the half blood yet surviving, are two brothers, of whom the petitioner is one, and three sisters, *Sarah*, *Polly* and *Nancy Ott*; that the petitioner, *Stewart Ott*, and his brother and sisters above named, were children of the same mother, by a former marriage with one *Frederick Ott*; that after the death of *Frederick Ott*, their mother intermarried with one *Joel Henson*, the father of said *Andrew*.

It is, therefore, insisted, that under the statute of descents governing the case, the petitioner, and the brother and sisters of the half blood, are the only heirs of said *Andrew*, and are entitled to a distributive share of one-fifth each of his personal and real estate in the hands of the administrator; and they pray an order accordingly.

The administrator answers, setting out minutely the situation of the estate; that the land had been sold in the lifetime of *Andrew* to one *Connelly*, who is made a party. The administrator further states, that *Andrew Henson* inherited the land sold to *Connelly*, from his father, *Joel Henson*; and it is claimed that *Jemima Henson*, the mother of *Joel* and grandmother of *Andrew*, is, under the statute, the sole distributee, and not the *Otts*.

*Jemima Henson* files her petition, praying to be admitted as a party to the proceedings, and setting out the same state of facts as the administrator—insisting that she, as the paternal grandmother of *Andrew Henson*, is entitled as his sole distributee.

*Connelly*, the purchaser, answered, making exhibit of the title-bond for a deed executed to him by *Andrew Henson* in his lifetime, proffering a willingness to pay the purchase-money as the Court should direct, praying a decree for a deed, &c.

The parties were all adults, and upon the petition, answers, &c., the Court decreed a deed to *Connelly*. It was further decreed that the *Ott* brothers and sisters of the half blood, were the next of kin, and the only proper heirs at

law, and as such entitled to distribution; and further, that the administrator pay to the petitioner, *Stewart Ott*, one-fifth part, as his distributive share of the estate, &c.

Motion for a new hearing overruled, to which the administrator excepted, &c.

The petition was filed under s. 359, R. S. 1843, p. 550, which provides that any person entitled to any legacy, or to a distributive share of the estate of any person, may, at any time previous to the settlement of such estate, apply to the proper Court by petition, making the administrator a party, and giving him reasonable notice. The petition, both as to the parties and the notice, seems to conform exactly to the statutory requirement. Yet, on general principles, all the parties in interest should have been brought in, either as petitioners or defendants. Conforming as it does, however, to the statute, the demurrer to the petition was correctly overruled.

There was no evidence offered on either side; and in this state of the pleadings, it is not easy to select the material facts which are thus impliedly admitted. But taking for granted the facts stated on both sides to be true, the case involves only a question of construction of our statute of descents, distribution, &c., in force at the death of *Andrew Henson*, in *April*, 1850.

The law governing the case is contained in the R. S. 1843, art. 14, c. 30. The rule applicable to the social position of the intestate here, is claimed to be the 6th clause of section 367, p. 553. Here there was no widow, nor children, nor father, nor mother, nor brothers, nor sisters, as enumerated, and the rule of descent, in such cases, is pointed out in the preceding clauses of that section. The 6th clause is in these words: "If there be no relatives of the deceased, nor their descendants, as enumerated in the preceding clauses of this section, then such surplus shall be divided into two equal parts, one of which shall be distributed to the next of kin to the deceased, in equal degree, of the paternal kindred; and the other part to the next of kin to the deceased, in equal degree, of the maternal kindred: if there be no paternal kindred, the whole of such

surplus shall be distributed to the next of kin to the deceased, in equal degree, of the maternal kindred: if there be no maternal kindred, such surplus shall all be distributed to the next of kin to the deceased, in equal degree, of the paternal kindred." We do not readily see its application, nor do the words quoted by counsel occur.

The next section, s. 368, furnishes sundry rules for the construction of section 367. Among these are the following: "Relatives of the half blood shall take in the distribution equally with those of the whole blood," &c. This clause, taken in connection with one of the specifications in the *fifth* clause of section 367, seems to be conclusive in favor of *Ott*, viz., if there be no widow, nor children, nor their descendants, and the father and mother of the deceased be both dead, the whole of the surplus shall go to the brothers and sisters. And, as by the rule of construction just quoted, brothers and sisters means those of the half blood, as well as those of the whole blood, the *Otts* exactly fill the specification, and are therefore entitled as distributees. Thus, by the rules of distribution of *personal* estate, *Ott*, as a brother, whether of the whole or half blood is immaterial, is preferred to the grandmother.

Had the land remained unsold at the time of the intestate's death, the record would then have presented a question of construction on the statute governing the descent of real estate. R. S., art. 5, c. 28. But as the land was sold in the lifetime of the intestate, the proceeds, whether secured by note or otherwise, became assets in the hands of the administrator, and without reference to to the source whence derived, were governed by the rules prescribed for the descent of personal property.

Some changes have been made in the law of descents between 1843 and the decease of *Henson*, in 1850. Chapters 78 and 79, laws 1850, p. 70. But these acts have no application to the case at bar; nor are we aware of any amendment subsequent to 1843, changing the rule as above expounded.

We are therefore of opinion that the decree below, excluding the paternal grandmother, and admitting the

brothers and sisters of the half blood as distributees, was correct.

*Per Curiam.*—The decree is affirmed with costs.

*J. Baker*, for the appellant.

*D. McDonald*, for the appellee.