SAMUEL BOOTHBY *versus* ANDROSCOGGIN & KEN. R. R. Co.

The charters of railroad companies or the general statutes of the State provide
a remedy for the owners of lands over which the road is located for dam-
ages, where they are not remote and consequential; but where a company
does only what it is authorized to do, and is without fault or negligence, it
is not liable for consequential damages.

STATEMENT OF FACTS AGREED.

This is an action on the CASE. It was agreed that the de-
fendants organized and built their railroad under and ac-
cording to their charter.

In 1847, Nash and Jones owned a lot of land in Lewiston,
over which the defendants located their railroad, and there-
after said Nash and Jones conveyed to them, by deed of
warranty, the land included in their location, for the pur-
pose of constructing their railroad upon it. The same year,
the defendants made an excavation across said lot, on the
land conveyed to them by the deed aforesaid, varying in
depth from ten to sixteen feet, or thereabouts, as the land
was more or less elevated in reference to the level of their
railroad track. Said excavation was neither deeper nor
wider than was necessary for the track and road bed of
their railroad, and was made for that purpose. The banks
on each side of the excavation were made of the usual slope
in such cases, and wholly upon the land conveyed to them
as aforesaid.

Afterwards, in 1853, the defendants, in order to protect
their railroad at this point, and to prevent the earth from
washing down upon it, constructed a permanent and sub-
stantial bank wall along their track, and distant therefrom
from five to seven feet or thereabouts, and wholly upon
their own land. Said wall along the land now owned by
plaintiff is. from five to six feet in height. Since the build-
ing of the said bank wall and making the excavation afore-
said, the defendants have dug no ditches, nor disturbed the

soil along the border of the plaintiff's land between said bank wall and his land.

The said Nash and Jones, after their deed to the defendants aforesaid, and after the said excavation was made, conveyed that portion of said lot east of the railroad to the Lewiston Water Power Company, and from them, through sundry mesne conveyances, the lots described in the declaration came to the plaintiff.

By the action of the elements and the frost, portions of the soil have from time to time caved in from the top of the slope, until, after a number of years, it reached the plaintiff's land, and, since he owned it, portions of his soil have broken off at the summit of said slope, and been washed down the side of said slope towards said bank wall.

*Stephen Boothby*, for the plaintiff.

*J. H. Drummond*, for the defendants.

The opinion of the Court was drawn up by

WALTON, J. — This is an action of trespass on the case, and the ground of complaint is that the Androscoggin & Kennebec Railroad Company, in constructing their road, made excavations so near the plaintiff's land, that, " by the action of the elements and the frost, portions of the soil have from time to time caved in from the top of the slope, until after a number of years it reached the plaintiff's land, and, since he owned it, portions of his soil have broken off at the summit of said slope, and slid and washed down the side of said slope towards the bank wall at the bottom." The plaintiff does not charge the defendants with negligence, but admits that the excavations were necessary for the purposes of the road, and that the road was built under and according to their charter. This charter, granted by the Legislature of the State, gave to the defendants express license to make all excavations necessary to the construction of their road ; and for parties injured thereby a remedy was provided in the charter or in the general statutes of the

State; or, if the damage was so remote or consequential as not to be included in the remedies thus provided, then it was *damnum absque injuria,* and the parties were without any remedy.

In general, railroad companies are responsible in damages, in an action of tort, for doing what their charter does not authorize, or for improperly doing what it does authorize; but when they have done no more than is authorized by their charter, and that has been done in a skilful and careful manner, for such acts an action of tort cannot be maintained against them.

It is a principle of the common law that a man must not dig so near the land of another as thereby to withdraw the natural support of the soil, and render it liable to break away and slide down of its own weight; but this principle does not apply to excavations made in pursuance of a license; and a license from the Legislature, if within its constitutional limits, affords as ample protection as a license from the injured party.

No ground is perceived on which this action can be maintained. *Mason* v. *K. & P. Railroad Co.,* 31 Maine, 215; *Rogers* v. *K. & P. Railroad Co.,* 35 Maine, 319; *Whittier* v. *K. & P. Railroad Co.,* 38 Maine, 26; Redfield on Railways, 155–158, and authorities there cited; 2 Hilliard on Torts, p. 363, c. 36, and authorities there cited; *Morris & Essex Railroad* v. *Newark,* 2 Stock., (N. J.,) 352.

*Plaintiff nonsuit.*

APPLETON, C. J., RICE, CUTTING, DAVIS and KENT, JJ., concurred.