HASTINGS AND GRAND ISLAND R. R. Co., PLAINTIFF IN ERROR, v. CHARLES C. INGALLS, DEFENDANT IN ERROR.

1. **Jurors.** Objections to the competency of jurors must be assigned in the motion for a new trial to be available in the supreme court.

2. **Eminent Domain:** RAILROAD: DAMAGES. Where a railroad is built upon a public road the owner of the land is entitled to recover the damages to his land by reason of the additional burden placed thereon by the appropriation of the road to the use of the railway company. LAKE, CH., J. dissenting.

3. ———: ———: ——— ACTION: PARTIES. A purchaser of real estate and holding the same by contract may maintain an action in such case for the damages sustained by him. The holder of the legal title should be joined, but if no objection is made for non-joinder the equitable owner may recover his actual damages.

4. **Evidence** examined and held to sustain the verdict.

5. **U. S. Government Land:** RIGHTS OF CLAIMANT. A person having been in possession of a timber culture claim for less than ten years, whose possession is not injured or disturbed, cannot maintain an action for damages to the land itself caused by the construction of a railroad on a public road which passes along one side of such claim.

6. **Motion for New Trial.** Under the general assignment, "errors of law occurring at the trial," objections to the instructions given or refused cannot be considered. Such instructions must be pointed out in some way either by number or other means of identifying the same.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*John Doniphan* and *Batty & Ragan,* for plaintiff in error, contended that the law authorized the building of the road along the highway. Gen. Stat., 187, 188 ; that such occupation by a railroad is a legitimate use thereof and the legislature could grant this power. *Murphy v. Chicago,* 29 Ill., 279. *Hinchman v. Patterson,* 17 New Jersey Eq., 75. *Milbourn v. City,* 12 Iowa, 246. *Clinton v. Cedar Rapids,* 24 Id., 455. On subject of additional burthen, cited : Cooley Const. Lim., 555. *Barney v. Keokuk,* 4 Dillon, 593. *Attorney General v. Railroad,* 125 Mass., 515. *Hobart v. Railroad,* 27 Wis., 194. *West v. Bancroft,* 32 Vt., 367. *Kelsey v. King,* 32 Barb., 410. *Railroad Company v. Applegate,* 8 Dana, 289. *Elliot v. Railroad,* 32 Conn., 579. Ingalls cannot recover. *Heutz v. R. R.,* 13 Barb., 646. *Davdison v. R. R.,* 3 Cush., 91. *Railroad v. Allen,* 39 Ill., 206. *Central Railroad v. Heltfield,* 5 Dutcher, 206. Mills on Eminent Domain, §§ 146, 160. *Roud v. Townshend,* 26 Vermont, 670. *Thurston v. Portland,* 2 J. J. Marsh, 73. *Peoria R. R. v. Bryant,* 57 Ill., 473.

*Brown & Ryan Brothers,* for defendant in error, reviewed the authorities cited by plaintiff seriatim, contending that they were not applicable to sustain its position ; thus the case of *Hinchman v. Patterson,* 17 N. J. Eq., 75, says that it is settled law of that state that "a railroad company, authorized to acquire land for the use of their road by condemnation and required to make payment or tender of compensation before occupying the land, cannot construct their road across or upon a highway without making compensation to the owner of the soil occupied by the highway." This principle is fully sustained by the cases of *Railroad v. Heisel,* 38 Mich., 62. *Trustees of*

*Presbyterian Society v. The Auburn & Rochester R. R. Co.*, 3 Hill, 567. *Williams v. Railroad*, 16 New York, 97. *Wagner v. Railroad*, 25 New York, 526. See also Cooley Const. Lim., 255. On right of Ingalls to recover, cited : Civil Code, § 319. *Reading R. R. v. Boyer*, 13 Penn. State, 497. *Cain v. Railroad*, 54 Iowa, 262. *Robbins v. Railroad*, 6 Wis., 610. Field on Damages, § 737. *Ingram v. Railroad Company*, 38 Iowa, 669. *Proprietor of Locks v. Corporation*, 10 Cush., 385.

MAXWELL, J.

In 1879 the defendant in error, Ingalls, commenced an action against the plaintiff in error to recover damages, by reason of the location and construction of the plaintiff's railroad in the public road, on lands which the defendant had purchased and was in possession of, but had not fully paid for.

On the trial of the cause a verdict for $500 was given in favor of Ingalls, upon which judgment was rendered. The cause of action is set forth in the petition as follows:

"And the plaintiff further says, that on the west side of the land above described for the distance of one mile there is a public highway, sixty-six feet wide, the east half of which said highway is on the lands of this plaintiff, and this plaintiff owns the east half of said highway subject to the right of way of the public to pass and repass thereon in the usual carriages and conveyances ordinarily used by the public in traveling along the public highways.

"And this plaintiff further says, that the south portion of the land above described lies adjacent to the city of Hastings, lying immediately west of said tract of land, and is only separated therefrom by the highway aforesaid

"And plaintiff further says, that prior to the grievances hereinafter mentioned, said land was very valuable by reason of its location adjacent to said city and also by

reason of said highway, which was used by a large number of the traveling public in going to and from said city of Hastings.

"And plaintiff further says, that the defendant wholly disregarded the plaintiff's rights in the premises, wrongfully and without any legal authority whatever did, on or about the 16th day of September, A.D. 1879, lay the track of its said railroad along and upon the east side of said highway, throughout the whole distance where said highway passes along the west side of the plaintiff's premises as above described, so that the whole of the defendant's railroad track rests upon that portion of the said highway which passes over the lands of this plaintiff; and that the said defendant is now and for several months last past has been running its trains of cars along and upon the said highway and on the lands of the plaintiff as afforesaid."

A motion for a new trial was filed by both parties and overruled, the grounds assigned in the plaintiff's motion are in substance: *First.* That the damages are excessive. *Second.* Error in the assessment. *Third.* That the verdict is not sustained by sufficient evidence. *Fourth.* Errors of law occurring at the trial.

Numerous objections are made to certain of the jurors, who it is claimed were biased against the plaintiff. No objection of the kind was made in the motion for a new trial, and it cannot now be considered.

I. The plaintiff claims to have obtained the right of way from the county commissioners of Adams county, paying them therefor the sum of $450; that by reason of such grant of the right of way Ingalls is precluded from maintaining an action, the wrong being of the kind for which the law provides no remedy; that the land in question having been taken for a public road, the legislature and proper public authorities may apply it to any public use they may see fit. The decisions are conflicting upon this question.

In *Williams v. New York Cent. Railway*, 18 Barb., 222–246, it is said: "A railroad is only an improved highway, and the use of the street by a railway is one of the modes of enjoying a public easement." In that case the statute authorized the railroad company to intersect and build their road upon any public highway. The decision of the supreme court was reversed in the court of appeals (16 New York, 97), where it was held that the appropriation of a highway by a railroad company was the imposition of an additional burden upon and a taking of the property of the owner of the fee within the meaning of the constitutional provision, which forbids such taking without compensation.

In the case of the *Pres. Society v. The Auburn & Roch. R. Co.*, 3 Hill, 567, the action was for trespass for entering upon the plaintiff's premises, digging up the soil and constructing a railroad track upon it. The defense was that the *locus in quo* was a public highway, and the charter of the corporation expressly authorized it to construct its road upon and across any highway. The court held that the legislature had no power to authorize the company to enter upon and appropriate the land in question for purposes other than those to which it had been originally dedicated in pursuance of the highway act, without first providing "a just compensation therefor." This decision, so far as we are aware, has never been overruled in that state.

In the late case of *Story v. New York Elevated Railway Company*, 15 Cent. Law Journal, 391, it was held by the court of appeals of New York that the erection of an elevated railway in a street is inconsistent with its use as a street, and constitutes such an appropriation of the adjoining lot owner's easement of the passage as is forbidden by the constitutional inhibition of the taking of private property for public purposes without compensation.

In *Williams v. Nat. B. P. R. Co.*, 21 Mo., 580, the court held that the grant of the right of locating a plank road

upon a country road did not preclude the owner of the soil on which the plank road was built from recovering compensation.

These cases seem to be founded upon justice, and meet our approval. In cases holding a contrary view it is said that a steam railway is an improved public highway, and is no additional burden upon the land. But this view cannot be sustained. It is true that a railway for the transportation of all persons who may desire, upon payment of fare, to be carried in the cars of the company, that mode of travel being exclusive, is a highway. But it is not a *common* highway in the ordinary sense of the term nor in the ordinary mode of travel. A canal is also a highway, but no one would contend that the corporation constructing a canal could appropriate a public road without compensation to the owner of the land. We have no doubt the construction of a railroad upon a public road is an additional burden upon the land, for which the owner is entitled to compensation.

II.   The legal title to the land in question at the time of the location of the railroad was in the Union Pacific Railway Company, and the proof shows that Ingalls was in default in his payments, and that the contract was subject to forfeiture.

The company did not take advantage of the default, however, and there is a stipulation in the record that since the trial in the court below Ingalls has paid in full for the land, but has not yet received a deed. It is claimed upon this state of facts that he cannot recover—the right of recovery belonging alone to the owner of the fee. It is a familiar rule that where a contract is made for the sale of land, the vendor becomes in equity and by construction of law a trustee for the vendee of the real estate, and the vendee becomes a trustee of the vendor for the purchase money; the vendee is the owner of the land although the legal title continue in the vendor. Tiffany & Bullard on

Trusts and Trustees, 491.    Story's Eq. Juris., §§ 790-1212.
.Seton v. Slade, 7 Ves., 264.    Craig v. Leslie, 3 Wheat, 577.
Beverly v. Peters, 10 Peters, 532.    Henson v. Ott, 7 Ind.,
512.    Ingalls had an estate in the land and was in posses-
.sion.    To the extent of the estate he was entitled to recov-
·er.    At the most there was a defect of parties; but no
objection of this kind was made in the pleadings, and there-
fore he was entitled to recover for the injury to the extent
·of his interest.    It is agreed that he has paid for the land
in full, so that in no contingency can the company be li-
.able to another party for the injury here complained of.

III.    Excessive damages.    The testimony upon the
·question of damages is conflicting, some of the witnesses
putting the depreciation in value of the property of Ingalls
.by reason of the appropriation by the railroad company at
.$4,000.    This being so, and the weight of testimony being
hat the damages were greater than the amount of the ver-
·dict, this objection is not well taken.    The second and
third objections are to the same effect as the first.

IV.    Errors of law occurring at the trial.    The statute
provides that the grounds of the motion for a new trial
.may be assigned in the language of the statute without
further or other particularity.    The bill of exceptions con-
tains a record of the trial, and any error appearing therein
may be considered under the general assignment of " errors
·of law occurring at the trial."    But under our present stat-
ute instructions are required to be filed with the clerk be-
fore being given to the jury, and are made a part of the
record proper—not the bill of exceptions.    There is good
reason for allowing a general assignment of all errors aris-
ing from objection to the admission or rejection of testi-
mony, as it is frequently almost impossible to point out all
.such errors in the motion for a new trial.    But no such
·difficulty arises in regard to instructions.    The statute re-
·quires them to be given in consecutively numbered para-
.graphs, and provides that they may be excepted to without

assigning a reason therefor.    One of the objects of the statute was to enable a party objecting to an instruction to bring it to the attention of the court by number, and thus avoid the inconvenience of copying the same.    In the early history of this state instructions were given orally, and if excepted to the party excepting was required to reduce the same to writing and preserve them in a bill of exceptions.

If such was the law at the present time a general assignment would be sufficient because an inspection of a bill of exceptions would show the errors complained of.    But such is not the law, and if no objection is made to the instructions in the motion for a new trial, they need not and in fact should not be copied into the transcript.    It is but justice to the trial court that objections to instructions be pointed out, and in our opinion the statute has not changed that requirement.

This court will construe the grounds in the motion for a new trial very liberally in order to prevent a failure of justice, but has no authority to waive assignments of error.    The objections to the instructions therefore cannot be considered.

It is very clear that justice has been done and that the verdict is sustained by the weight of testimony.

Ingalls has filed a cross petition in error, in which he has assigned various grounds for setting the verdict and judgment aside, the principal one being that he was not permitted to recover special damages.

An examination of the petition will show that no facts are pleaded showing that he was entitled to such damages, hence there is no error in the exclusion of the same.

Ingalls claims damages by reason of the construction of the railroad on the public road for the distance of one mile on his land.    One-half of this land was held by him as a timber culture claim, which he had entered on the 19th of April, 1875, and upon which he was required to cultivate and have growing thereon at the expiration of ten years

from the date of entry the number of trees required by the act of congress. The jury allowed no damages on this claim, and this is assigned for error. No injury to his possession was claimed or shown. A timber culture entry is made upon condition that the party entering the same shall comply with the law in setting out and cultivating the number of acres of trees and the number of trees per acre required. If he fail to do this, the entry will be subject to forfeiture or will lapse. The entry may be abandoned and the land entered by another. The United States cannot be joined as a party in a suit for damages so as to protect the railroad company or conclude the purchaser of land, as the title of the United States can be divested only in some of the modes provided in the statute. Until his title is complete therefore, a party who has entered the land cannot recover for damages to the land itself but merely for injury to his possession. As no such injury is shown, the verdict is right. There is no error in the record and the judgment is affirmed, the costs in this court to be taxed equally to the parties.

JUDGMENT ACCORDINGLY.

COBB, J., concurs.

LAKE, CH. J., dissents from the conclusion of the court referred to in the second clause of the syllabus.