No. 13,207.

## ROUSHLANGE v. THE CHICAGO AND ATLANTIC RAILWAY COMPANY.

RAILROAD.—*Deed to Right of Way.—Subsequent Encroachment Upon Adjoining Land of Grantor.—Construction and Repair of Road-Bed.—Damages.— Negligence.*—A railroad company which has received a deed and paid the consideration for land upon which to construct and operate its road, is liable to the grantor for injuries subsequently caused to his land adjoining the right of way by the construction and repair of its road-bed in such a manner as to encroach thereon, without regard to any question of negligence on its part or knowledge that its works would cause the injury. MITCHELL and HOWK, JJ., dissent.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

*J. S. Slick* and *W. O. Johnson,* for appellee.

ZOLLARS, J.—It is averred in appellant's complaint that the railway company had constructed its road across his land "after purchase made and consideration paid for the right of way by the defendant to the plaintiff, and after the plaintiff had conveyed the right of way to the defendant by a good and sufficient deed." It is averred, also, that a portion of the land over which the railroad was constructed was marshy; that through that portion the railway company made an embankment about twelve feet high; that, after the road had been used for about six months, the embankment, thus constructed, began to sink; that, to keep the grade up to the original height, the railway company deposited upon the top of the embankment a large amount of earth, sand and other material; that, as the same was thus deposited, the embankment kept sinking until the road-bed finally became settled and solid; that a large amount of the earth and other material thus deposited, as it sank, spread and extended under the surface of the land beyond the land of the railway com-

pany and upheaved the plaintiff's land adjoining the right of way and rendered worthless several acres of it, etc.

There is no charge of negligence against the railway company, unless the facts stated show it to have been negligent in the construction of its road. Claiming that no negligence is charged, its counsel insist that the complaint does not make a case against it, admitting all of the averments therein to be true, as the demurrer does. These general propositions are established by the authorities:

*First.* A deed of land to a railway company for its right of way is presumed to include a license to do what is necessary and lawful in the construction and management of its road thereon, to the same extent and with the same effect as if the land had been compulsorily taken by condemnation proceedings. But, notwithstanding the deed, the company remains liable for injuries arising from negligence and unskilfulness in the construction of its road. Pierce Railroads, pp. 133–134; see, also, 1 Rorer Railroads, pp. 313–314; Mills Eminent Domain (2d ed.), section 110.

*Second.* As in condemnation proceedings it is presumed that the assessment of damages includes all damages proper to be assessed, so, deeds of rights of way are presumed to include all damages arising from the proper construction of the road. The price agreed upon is presumed to be the same that the commissioners would have arrived at on an assessment of damages. Mills Eminent Domain (2d ed.), section 110; *Chicago, etc., R. W. Co.* v. *Smith,* 111 Ill. 363.

*Third.* The rule as to what damages may be assessed by the commissioners in a condemnation proceeding is, that the value of the land appropriated should be considered, together with any injury to the residue of the land naturally resulting, or that might reasonably be expected to result, from the appropriation and the construction of the road in a proper and lawful manner. *White Water Valley R. R. Co.* v. *McClure,* 29 Ind. 536; *Grand Rapids, etc., R. R. Co.* v. *Horn,* 41 Ind. 479 (484); *Indiana, etc., R. W. Co.* v. *Allen,*

100 Ind. 409 (412); *Southside R. R. Co.* v. *Daniel*, 20 Gratt. 344; *Chicago, etc., R. R. Co.* v. *Springfield, etc., R. R. Co.*, 67 Ill. 143; *Chicago, etc., R. W. Co.* v. *Smith, supra.*

*Fourth.* Such assessment of damages will not be presumed to cover damages resulting from the negligent construction of the road, or any portion of it, nor damages resulting from improper encroachments upon land outside of the right of way.

The above stated rules of law require a holding here that unless the rights of the railway company are enlarged, or its liabilities limited by the terms of the deed, appellant can recover such damages, and only such damages, as might properly have been assessed had the right of way through his land been taken by condemnation proceedings instead of by grant.

The complaint shows that appellant granted to the railway company a right of way through his land for the construction and operation of its road. It is not claimed that the deed conveyed any rights except the right of way, and such as are incidental to the general grant. It is not stated in the complaint how wide the strip thus granted was, but it is shown that in the construction of the road the company has occupied land outside of the strip granted.

The general rule is, that, in the construction of its road upon an acquired right of way, a railway company is not liable beyond the compensation assessed or agreed upon, where such compensation is fixed prior to the building of the road, unless it is guilty of negligence in such construction. That rule, however, must be limited to cases where the railway is constructed upon and within the limits of the right of way so acquired.

Clearly, if a railway company should condemn or purchase a right of way of a certain width, and pay the damages assessed or agreed upon as resulting from the construction of its road upon that strip, it could not successfully claim the right to so construct its road as to cover land outside of the

limits of such strip without the payment of additional compensation or additional damages resulting from such construction.

If that were so, the company might condemn a strip of land twenty feet wide, and in the building and maintenance of high, and necessarily wide, embankments, cover and occupy a strip fifty or one hundred feet wide, without the payment of compensation, or damages resulting from such occupancy.

The real question in the case before us is not one of negligence, but of an encroachment upon land outside of the company's right of way. When the company discovered that its road-bed was sinking, could it, without making compensation, or the payment of damages, have gone upon appellant's land and constructed walls or banks to prevent the road-bed from sinking and spreading? Clearly not. That it did not do, but, what in effect was the same thing, it filled in earth and other materials until the embankment spread out beyond the right of way upon appellant's adjoining lands, and upheaved the surface and caused the injury described in the complaint.

It may be that the company had no knowledge that the filling would cause the spreading of the embankment and the upheaval of appellant's land. Whether or not it had such knowledge is not stated in the complaint; nor do we think that it is material in this case. By reason of the filling upon the embankment it was caused to spread upon appellant's land and caused the injury. That the railway company may have had no knowledge that the filling would cause the injury is not sufficient to exonerate it from liability.

The fact remains that appellant granted to the railway company a strip of land upon which to construct and operate its road, and it has so constructed it as to make it rest, not only upon the strip thus granted, but also upon his adjoining land, not granted. The railway company is thus occupying land which was not granted to it, and which neither

party intended should be either granted to it or occupied by its road.

The road is no less an encroachment upon appellant's land because its foundation is beneath the surface. That fact might affect the amount of damages, but it does not alter the rights of the parties. The railway company had a right to construct its road upon the strip of land granted, but it has no right to occupy additional land without compensation or the payment of damages. The strip of land was granted before the road was constructed, and hence, the consideration paid must be presumed to have been measured by the value of the land granted and the anticipated damages, in the light of surrounding circumstances and the knowledge of the parties at that time. It surely was not intended at that time that the road-bed should cover and rest upon land outside of the strip granted. Nor could it have been anticipated that in the construction of the road land outside of the right of way would be occupied by the road-bed or any portion of it. It would not be reasonable, therefore, to assume that in fixing the compensation the parties included damages for such encroachment.

Had the strip of land been taken by condemnation instead of by grant, the commissioners or jury in assessing the damages could not have included damages from such encroachment: First, because they could not have assumed that the railway company would voluntarily so construct its road as to make it rest partially upon land outside of the right of way. To have assumed that, and to have assessed damages accordingly, would have been to assume that the railway company would commit a trespass, and to have assessed, in advance, damages resulting from such trespass. Second, because they could not have known in advance that the result of the fill would be to cause the embankment to so spread as to encroach upon appellant's land and cause injury. Such an injury could not reasonably have been expected to result from the proper construction of the road.

Roushlange *v.* The Chicago and Atlantic Railway Company.

It will not be presumed that the parties included in the price agreed upon at the time of and for the grant any amount for injuries which could not .properly have been considered by the commissioners and jury, had the right of way been taken by condemnation proceedings.

This case is clearly distinguishable from the case of di-·minishing the water of a spring upon the grantor's land, or a case of laying drains which are necessary, in connection with culverts under the road, to the proper maintenance of the road. Here, the road-bed is made to rest, not only upon the land granted, but also partially upon land not granted, outside of the right of way, and for which there has been no compensation.

If, here, the company may, by virtue of the grant of the right of way, without the payment of damages, so construct its road as to cover one or two acres of land outside of the grant, we know of no reason why other railway companies under similar grants may not procure a narrow strip of land as a right of way, and without further compensation or damages so construct their roads as to occupy a strip one, two, three, four or more times as wide as the strip so granted.

Whatever the railway company may be able to show by an answer and evidence, we think that the complaint makes a case for damages, and that the demurrer thereto was improperly sustained. For that error the judgment is reversed, at appellee's costs.

MITCHELL and HOWK, JJ., do not concur in the foregoing opinion.

Filed May 29, 1888.