## F., E. & M. V. R. Co. v. LAURA SETRIGHT.

[FILED MARCH 16, 1892.]

1. **Foreign Wills:** PROBATE.  A will which has been duly proved and admitted to probate by a court of a sister state having jurisdiction may be probated in this state by the county court of any county in which the testator left property on which such will may operate.  In proceeding to probate a foreign will, a copy of the same and the probate thereof, duly authenticated, must be produced to the county court, and if allowed in this state, must be filed and recorded in said court.

2. **Evidence:** WILLS: A CERTIFIED COPY of a will, with a transcript of the record of the county court admitting the will to probate, may be admitted in evidence without further identification.

3. **Eminent Domain:** DAMAGES: EQUITABLE OWNER MAY RECOVER.  When one holds real estate under a contract of purchase made with the holder of the legal title, and upon which all payments have been made so as to entitle him to a deed, he may maintain an action for damages to the land by reason of the location and construction of a railroad near the same.  The holder of the legal title should be joined, but if no objection is made on that ground, the equitable owner may recover his actual damages. (*H. & G. I. R. Co. v. Ingalls*, 15 Neb., 123.)

Error to the district court for York county.  Tried below before BATES, J.

*John B. Hawley,* and *George B. France,* for plaintiff in error, cited: *City of Champaign v. McMurray,* 76 Ill., 353; *N. P. R. Co. v. Paine,* 119 U. S., 564.

*A. C. Montgomery, contra.*

NORVAL, J.

This suit was brought by the defendant in error to recover damages claimed to have been sustained by her by reason of the construction of the Fremont, Elkhorn &

Missouri Valley railroad, in close proximity to lots 2 and 3, block 76, in the city of York. The lots run east and west, fronting upon Nebraska avenue, a street running north and south in said city. Lot 3 adjoins lot 2 on the south. The railroad was constructed in 1887, the north line of the right of way being the south line of lot 3. The road-bed was constructed several feet above the natural surface of the ground, and a deep ditch was dug by the company, immediately south of the lots, and for their entire length. A fill was made in Nebraska avenue, in front of the premises, in order to effect a crossing over the railroad, thereby making the ingress and egress to and from the lots difficult and inconvenient. The jury assessed the damages at the sum of $325.

The only controversy in this court is to the right of the plaintiff below to maintain the action, the contention of the plaintiff in error being that the proofs fail to show that Laura Setright had such title to the property, at the time of the construction of the railroad, as entitled her to recover for its depreciation in value. Upon the trial in the district court it was admitted by the railroad company that on the 7th day of January, 1884, the legal title to lot 3 was in the South Platte Land Company. It further appears that on that day it conveyed the same by deed of general warranty to one Joseph Taylor. It was also stipulated upon the trial, that York county was the owner of said lot 2 on January 28, 1885, on which date the county entered into a written contract with said Joseph Taylor, whereby and in consideration of the sum of $20, then paid, and the agreement of said Taylor to pay the county the sum of $40, with interest thereon, in one year from the date of the contract, and the further sum of $40, with interest on said sum, in two years, it agreed to convey to said Taylor, by good and sufficient deed, said lot 2. The first deferred payment of $40 and interest was made by Taylor on the day the same fell due. On the 13th

day of March, 1885, said Joseph Taylor, by his last will, bequeathed all his estate, real and personal, with certain specific exceptions, to the defendant in error. The will gave a life estate to the property in controversy to the testator's father and mother, who were then residing thereon, but both have since died. Subject to said estate for life, said lots were devised to the defendant in error.

The proofs show that the testator, Joseph Taylor, died in Leavenworth county, Kansas, on February 3, 1886, without making any other disposition of the lots. The contention now made by the plaintiff in error, that the evidence was insufficient to prove the will and the probate thereof, must be overruled. A certified transcript of the record of the county court of York county, was introduced upon the trial, from which it appears that in February, 1889, this will was admitted to probate in Leavenworth county, Kansas; that a copy of the same and record of the probate court of said Leavenworth county, admitting the will to probate, duly authenticated, was filed in the county court of York county, and that on the 4th day of January, 1890, said county court admitted said will to probate.

Section 144, chapter 23, Compiled Statutes 1891, provides that "All wills which shall have been duly proved and allowed in any of the United States, or in any foreign country or state, according to the laws of such state or country, may be allowed, filed, and recorded in the probate court of any county in which the testator shall have real and personal estate on which such will may operate, in the manner mentioned in the following sections."

Sec. 145 of said chapter reads: " When a copy of such will, and the probate thereof, duly authenticated, shall be produced by the executor or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in case of an original will presented for probate."

Sec. 146 provides that "If, on hearing the case, it shall appear to the court that the instrument ought to be allowed in this state as the last will and testament of the deceased, the copy shall be filed and recorded, and the will shall have the same force and effect as if it had originally been proved and allowed in the same court."

The transcript introduced in evidence in the case at bar shows that the above provisions of the statute relating to the probate of foreign wills have been strictly followed. It was not necessary that the original will should have been presented to or filed with the county court of York county for probate, for, in case of foreign wills, the statute expressly authorizes the production of a copy of such will and the probate thereof duly authenticated, and in case such will is allowed in this state, the copy is required to be filed and recorded in the court allowing the same.

The transcript of the record of the county court of York county, was competent evidence to prove the will and probate thereof. (Compiled Statutes, chapter 23, sec. 160.) The will having been properly proven and probated in Kansas, and in this state, it is perfectly clear that the defendant in error, at the time of the construction of the road through the city of York, was the owner of the full legal title to lot 3 in said block 76, upon which the house and improvements were situated. She also took, under the will, all the interest of the testator, Joseph Taylor, in and to lot 2, which he held under a contract of purchase from York county, and upon which contract, at the time of his death, all but the last payment, which was not then due, had been made. It also appears that the defendant in error, on January 29, 1887, and before the road was built, made the last payment on the contract, but the deed was made in the name of the said Joseph Taylor. Being made after his death it was of no validity. While the legal title to lot 2 still remained in the county, the equitable title was in the defendant in error. She was entitled to recover

for the injury to lot 2.    The county should have been made a party to the suit, but no objection was made on that ground in the trial court. (*H. & G. I. R. Co. v. Ingalls,* 15 Neb., 123.)    The judgment is

AFFIRMED.

THE other judges concur.