FREDERICK MENGEDOHT V. THEODORE L. VAN DORN.

FILED JUNE 16, 1896.   No. 6746.

1. Review: OBJECTION TO JUROR. Objections to the competency of jurors cannot be reviewed in the supreme court when no such question was raised in the motion for a new trial.

2. Assault: DAMAGES: VERDICT FOR PLAINTIFF. The facts disclosed by the evidence stated, and held to justify the verdict returned and the judgment thereon rendered.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.

*Joel W. West* and *Frank Heller*, for plaintiff in error.

*Kennedy, Gilbert & Anderson, George W. Covell,* and *Connell & Ives, contra.*

RYAN, C.

In this case there was a judgment in favor of the plaintiff in the district court of Douglas county for $957.51 on account of injuries inflicted by the defendant. The judgment defendant, as plaintiff in error, seeks a reversal of this judgment.

There are argued irregularities in the selection of the jury, but these cannot be considered, for they were not urged in the motion for a new trial. (*Hastings & G. I. R. Co. v. Ingalls,* 15 Neb., 123.)

It is insisted that the verdict was not sustained by sufficient evidence, and, in effect, was contrary to law. The defendant in error was the owner of a certain tenement building in the city of Omaha, for the erection of which plaintiff in error had contributed the materials and labor, and in consideration thereof had claimed a mehanic's lien on the said building. Upon a decree rendered foreclosing said lien plaintiff in error purchased the aforesaid building and thereunder received a deed. This he at once filed for record, and having received from the register of deeds a receipt showing that it had been so filed, plaintiff in error went directly to the building in question and the doors not being fastened, he entered. This was about 4 o'clock in the afternoon. The defendant in error, who had a room which he used as an office in said building, soon afterwards came into the hall and there met the plaintiff in error. Between these parties there were assertions of ownership and right of possession of each in his own favor. The wife of the defendant in error having come in took part in this discussion and threatened to shoot plaintiff in error if he attempted to eject her husband and herself from the building. Plaintiff in error thereupon went to another building near, and by means of a telephone obtained instructions from his

60

attorney, though the nature of these instructions does not appear in the evidence. Returning to the building where defendant in error was, plaintiff in error, assisted by Mr. Burdick, who meantime had been sent to his aid, seized the defendant in error and forcibly took him to the street, and as there was amply sufficient evidence to show, dropped him upon the pavement in such a brutal manner as to cause protracted and probably permanent mental derangement. In view of these facts which the jury were warranted in finding, the verdict, sustained by the evidence, was neither excessive nor, as urged, contrary to law.

These observations meet some objections made to instructions asked by plaintiff in error and refused and others asked by defendant in error which were given. There were instructions given by the court which in argument were criticised in detail, but they cannot be reviewed, for the reason that in the motion for a new trial the assignment with reference to them was in the following language, to-wit: "The court erred in giving the second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth instructions given by the court on its motion." Some of these were properly given, and most certainly if others were not they cannot be considered. We cannot see that there was error in excluding from the consideration of the jury the pleadings in the case which resulted in the decree under which the plaintiff in error purchased and received the master commissioner's deed. This deed itself was admitted in evidence, whereby he was permitted to show the title under which he claimed the right to take possession of the property in said deed described. In a proper manner he was entitled to obtain that possession. This action was not for wrongfully taking the possession, but for willfully and maliciously inflicting injuries upon the person of the defendant in error. The judgment of the district court is

AFFIRMED.