Argued 29 January; decided 8 April, 1901.

## MOSIER *v.* OREGON NAVIGATION COMPANY.

[61 Pac. 453; 21 Am. & Eng. R. R. Cas. 508.]

RAILROADS—EXCAVATION—LATERAL SUPPORT.*

The general rule that an adjoining proprietor, in excavating on his own land, removes the lateral support to his neighbor's soil at his peril, regardless of care or negligence, applies also to railroads.          ○

From Wasco : WILLIAM L. BRADSHAW, Judge.

Action by M. J. Mosier against the Oregon Railroad & Navigation Company.    From a judgment in favor of plaintiff, defendant appeals.          AFFIRMED.

For appellant there was a brief over the name of *Cotton, Teal & Minor*, with an oral argument by *Mr. Wirt Minor*.

For respondent there was a brief and an oral argument by *Mr. Alfred S. Bennett*.

---

* NOTE.—In 33 Am. St. Rep. 446, 476, is a monograph, The Right to Lateral Support and Remedies for the Violation of the Right, covering the general subject.

In 13 L. R. A. 569 and 33 Am. St. Rep. 468, 469, are notes as to the Duty of the Person Excavating.

The question of Prescriptive Right to Lateral Support for Buildings is discussed in notes in 20 L. R. A. 780 and 33 Am. St. Rep. 459-465.

As to Right of Lateral Support Against Municipalities, see 30 Am. St. Rep. 835, 33 Am. St. Rep. 465, 34 Am. St. Rep. 839, and 20 L. R. A. 68.

The Right to Support From Underground Water is discussed in 33 L. R. A. 45 and 33 Am. St. Rep. 455.—REPORTER.

Mr. Chief Justice Bean delivered the opinion.

This is an action to recover damages caused by a portion of the plaintiff's land sliding into an excavation made by the defendant company in the repair of its railroad. The verdict and judgment were for the plaintiff, and defendant appeals.

The facts, so far as material, may be briefly stated thus : In June, 1897, the defendant, desiring to straighten or change its track through the premises of the plaintiff, obtained a deed from her for a new right of way. Thereafter, in making the proposed change, a cut or excavation was made in the right of way so acquired, from twenty-five to forty feet in depth, through the foot of a hill or steep incline. It is alleged that, without taking any precaution to prevent the plaintiff's land from sliding into such excavation, the defendant negligently and carelessly fired heavy blasts in the vicinity, whereby one and one half acres of her land were made to slide into and towards the excavation, another tract was undermined, access from one part of her premises to another was cut off, and a valuable spring of water destroyed. The defendant in its answer denies the negligence charged, alleges that its road was constructed in a careful and prudent manner, and pleads that plaintiff is estopped by her deed from claiming any damages on account of the injuries mentioned. The court below ruled that plaintiff could not recover without proof of negligence, but denied defendant's motion for a nonsuit on the ground that no such proof was offered or admitted. This ruling and the refusal to give certain instructions on the subject of negligence constitute the errors relied on for reversal of the judgment.

The questions thus raised are unimportant if the rule is, as contended by the plaintiff, that the defendant's

liability for removing the lateral supports of her land is absolute, and independent of any question of negligence. It is familiar law that an owner of land is entitled to have it remain in the state in which it was placed by nature, supported and protected by adjoining soil. This right of lateral support, as it is called, is a right of property annexed to the land, to which the owner is as much entitled as to the land itself. If an adjoining proprietor, in excavating on his own land, removes such support, to the injury of his neighbor's soil, he is liable in an action therefor, without proof of negligence : 1 Am. & Eng. Ency. Law (2 ed.), 229 ; 3 Sutherland, Dam. 417 ; Jones, Easem. § 585 ; Tiedman, Real Prop. (2 ed.), § 618 ; 10 Eng. Ruling Cas. 157 ; *Gilmore* v. *Driscoll*, 122 Mass. 199 (23 Am. Rep. 312).

There is a conflict in the authorities as to whether this rule applies to railroad companies in constructing their roads over a right of way acquired by condemnation or grant, but we believe, with Mr. Elliott, that "the weight of authority, however, in accordance with what seems to us the better reason, is to the effect that the destruction of such lateral support by excavating on the company's own land so near that of the adjoining owner as to cause his land to slide into the excavation is a taking for which he is entitled to compensation, regardless of any question of negligence on the part of the railroad company" : 3 Elliott, Railr. 1406. Mr. Lewis, in discussing this question, says : "If, in the execution of public works under authority of law, excavations are made, and the soil of an individual gives way in consequence of being deprived of its lateral support, there is a taking to the extent of such deprivation, and the individual is entitled to compensation for the resulting damage. The right of lateral support is a part of his property in the land, as much so as his right of user or of exclusion. When he

is deprived of it, his property is taken just as much as if his property was invaded'': 1 Lewis, Em. Dom. (2 ed.), § 151.   The doctrine is very clearly stated in *McCullough* v. *St. Paul, M. & M. Ry. Co.* 52 Minn. 12, 17 (53 N. W. 802, 803).   In that case the railroad company had acquired a right of way for its road over land belonging to one Oswald, by condemnation.   Thereafter Oswald subdivided his property into lots and blocks, and the plaintiff became the owner of two lots adjoining the right of way.   In constructing its line along the side of one of these lots, the company excavated the earth to the depth of some twenty feet, without constructing an adequate lateral support to the adjacent soil, in consequence of which the earth from one of the lots fell into the excavation, and on the other sunk to a considerable extent, for which he brought an action against the company.   The trial court held that plaintiff could not recover, but, on appeal, the judgment was reversed ;  the appellate court holding that the defendant, to justify its removal of the lateral support of plaintiff's soil, must show a right to do so, acquired either by condemnation or purchase, and that the right acquired by condemnation did not permit it to remove the soil adjoining its right of way, either by taking away the natural lateral support or otherwise. Mr. Chief Justice GILFILLAN, speaking for the court, says :  '' To justify itself, the company must stand on this proposition, no other will suffice :  That, having acquired the right to a strip one hundred feet wide on which to construct and maintain its railroad, it may, wherever excavating may be, or at any time may become, necessary or expedient and prudent in constructing its road, measure the one hundred feet at the bottom of the excavation, instead of on the original surface of the ground, and may maintain the slopes on the adjoining land instead of on its own strip, unless the owner shall see fit to build a

retaining wall to keep his land in place.    The proposition would apply as well to fills and embankments where necessary, expedient, or prudent, and, if sound, would justify the company in claiming that it might measure the one hundred feet at the top of the embankment, leaving its slopes to rest on the soil of the adjoining owner, unless he should build a wall to prevent it.    In either case, it would. be constructing and maintaining the railroad, not on the strip.taken for the purpose, but in part, at least, on the adjoining land, and that would be a taking requiring compensation to justify it.''

In *Roushlange* v. *Chicago & Atl. Ry. Co.* 115 Ind. 106 (17 N. E. 198), the company acquired by purchase a right of way across the plaintiff's land.    In the construction of its road, it made an embankment on some marshy ground, causing an upheaval of the land adjoining the right of way, and rendering several acres worthless.    It was held that the plaintiff might recover without charging negligence, the court saying : '' The general rule is that, in the construction of its road upon an acquired right of way,· a railway company is not liable beyond the compensation assessed or agreed upon, where such compensation is fixed prior to the building of the road, unless it is guilty of negligence in such construction.    That rule, however, must be limited to cases where the railway is constructed upon and within the limits of the right of way so acquired.    Clearly, if a railway company should condemn or purchase a right of way of a certain width, and pay the damages assessed or agreed upon as resulting from the construction of its road upon that strip, it could not successfully claim the right to so construct its road as to cover land outside of the limits of such strip without the payment of additional compensation or additional damages resulting from such construction.    If that were so, the company might condemn a strip of land

twenty feet wide, and in the building and maintenance
of high, and necessarily wide, embankments, cover and
occupy a strip fifty or one hundred feet wide, without the
payment of compensation or damages resulting from such
occupancy. The real question in the case before us is
not one of negligence, but of an encroachment upon land
outside of the company's right of way." In *Richardson*
v. *Vermont Cent. R. R. Co.* 25 Vt. 465 (60 Am. Dec. 283),
the defendant in constructing its railroad made an exca-
vation upon its own land, but so near the line of plaintiffs'
adjoining land that the soil slid into the excavation, and
defendant was held liable for the injury plaintiffs suf-
fered thereby, regardless of the question of negligence.
The following authorities are to the same effect : Jones,
Easem. § 596 ; *Larson* v. *Metropolitan St. Ry. Co.* 110 Mo.
234 (19 S. W. 416, 16 L. R. A. 330, 33 Am. St. Rep. 439,
467, note) ; *G. B. & L.* Ry. *Co.* v. *Eagles*, 9 Colo. 544 (13
Pac. 696); *Williams* v. *Natural Br. Road Co.* 21 Mo. 580 ;
*Baltimore & P. R. R. Co.* v. *Reaney*, 42 Md. 117 ; *Costigan*
v. *Pennsylvania R. R. Co.* 54 N. J. Law, 233 (23 Atl. 810).

The cases of *Horstman* v. *Covington & Lex. R. R. Co.* 18
B. Mon. 218, and *Boothby* v. *Androscoggin & K. R. R. Co.*
51 Me. 318,— are authority for the proposition that a rail-
way company is not liable to an adjacent proprietor for
an injury caused by the sliding of his soil into an exca-
vation made by the company in the construction of its
road ; the court in the latter case saying that the "prin-
ciple of the common law that a man must not dig so near
the land of another as thereby to withdraw the natural
support of the soil * * * does not apply to excava-
tions made in pursuance of a license, and a license from
the legislature, if within its constitutional limits, affords
as ample protection as a license from the injured party."
Both these cases seem to overlook the fact that the de-
struction of the lateral support, and consequent sliding

of the adjacent soil, is as much a taking of the soil as if the company had actually occupied it, and it is therefore not within the "constitutional limits" of the legislature to license a railroad company or any one else to remove such support without an equivalent, as required by the constitution. Nor are the damages for such an injury included either in a grant from the owner of a right of way or in a judgment of condemnation. The assessment of damages for the right of way, or a grant for such purpose, includes the value of the land itself, as well as all incidental injury, inconvenience, or damage, incurred or liable to be incurred by the proper construction and use of the road, or by any acts necessary to such proper construction and use (Rorer, Railr. 324), but not for a physical invasion of the soil outside of the right of way.

A leading case upon the question as to what constitutes a taking, within the meaning of the constitution, is that of *Eaton* v. *B. C. & M. R. R. Co.* 51 N. H. 504 (12 Am. Rep. 147),— an action for injury to plaintiff's land from the waters of an adjacent river, in times of freshet, flowing through a cut made by the railroad company, thereby flooding the land, and bringing down and lodging upon it quantities of earth and stone. It was conceded in the case that "if the cut through the ridge had been made by a private landowner, who had acquired no rights from the plaintiff or from the legislature, he would be liable for the damages sought to be recovered in this action." The vital question, then, was whether the injuries complained of amounted to a taking of the plaintiff's property within the constitutional meaning of those terms, and the court held, in an elaborately considered opinion, which examines, classifies, and analyzes nearly, if not quite, all the cases on the subject then extant, that the plaintiff was entitled to recover, and that the injury to his land was a taking, within the meaning of the consti--

tution, not compensated for in the assessment for a right of way over his premises, nor justified by the legislative authority under which the defendant was acting.    See, also, 1 Lewis, Em. Dom. (2 ed.), § 55 *et seq.*; Randall, Em. Dom. §§ 150, 151.    It follows from these views that the deed from plaintiff to defendant for the right of way over her premises does not exempt the company from liability for an injury to her land caused by the removal of the lateral support thereto, and that she is entitled to recover such damages as she may have sustained thereby, regardless of the question of negligence.    The judgment of the court below is therefore affirmed.    AFFIRMED.