## Wadasz, Appellant, *v.* Arcade Real Estate Company.

*Statutes—Repugnant proviso—Building laws—Collateral support—Act of June 8, 1893, sec. 8, P. L. 360—Philadelphia.*

The latter part of section 8 of the Act of June 8, 1893, P. L. 360, which reads: "Should any owner or owners desire to excavate to a depth of more than ten feet, he or they shall protect and underpin the wall of an adjoining structure at his or their own expense; provided, however, that this section shall not apply to buildings now erected or to dwelling houses," is not intended to apply to all buildings, but only in the future to certain classes of buildings, i. e. buildings other than dwelling houses erected after the passage of the act. With this intent the proviso is entirely consistent, and both the section and the proviso can stand.

Argued March 27, 1903. Appeal, No. 68, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1901, No. 3839, on verdict for defendant in case of William A. Wadasz v. Arcade Real Estate Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for injuries to a leasehold estate. Before AUDENRIED, J.

At the trial counsel for plaintiff offered to prove under section 8, of the act of June 8, 1893, that the building No. 18 South Broad street was an office building and had been adapted to office purposes, and was not a dwelling house; that there was no underpinning or protection of the wall of the structure No. 18 South Broad street made by the Arcade Company, the owner of the adjoining lot upon which excavations were being made at the time of the collapse. Also, that the excavations of the lot No. 20 South Broad street exceeded the depth of ten feet. This is to be followed by proof that in consequence of said lack of underpinning the wall of the building No. 18 South Broad street, that is, the wall adjoining the premises of the defendant, fell down, resulting in injury to the plaintiff and to show damages.

The court overruled the offer, and sealed a bill. [1]

Plaintiff closed his case and the defendant offered no testimony.

The court thereupon gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence ; (2) binding instructions for defendant.

*Hampton L. Carson*, with him *Charles Lex Smyth*, for appellant.—A proviso repugnant to the body of a statute is void : Potter's Dwarris on Statutes, p. 118 ; Dollar Savings Bank v. United States, 86 U. S. 227 ; Dugan v. Bridge Co., 27 Pa. 303 ; Com. ex rel. v. Hough, 22 Pa. C. C. Reps. 440.

*John Hampton Barnes*, with him *George Tucker Bispham*, for appellee.—The appellant's first proposition of law is founded upon the premise that the proviso is repugnant to the body of the statute.  This is not applicable to the proviso in the said eighth section.  The eighth section of the act read with the proviso as a part thereof created certain regulations in respect to the construction of buildings, other than dwelling houses, thereafter erected, and for the support of buildings other than dwelling houses thereafter erected.  The purpose was to thus limit the application of the act.

The appellant's argument that the court should read into the act the word " being " before the word " erected " would, if adopted, change the entire effect and purpose of the act.  A court has no power to insert any words in an act unless there be a patent ambiguity or a plain omission in the act : Sener v. Borough of Ephrata, 176 Pa. 80.

It is a rule of construction well established in this state that a statute should be construed prospectively if possible : Taylor v. Mitchell, 57 Pa. 209 ; Thomas's Election, 198 Pa. 546 ; Sea-bolt v. Commissioners, 187 Pa. 323 ; Com. v. Charity Hospital, 198 Pa. 270 ; Com. v. Mintz, 19 Pa. Superior Ct. 283 ; Steg-maier v. Jones, 203 Pa. 47.

OPINION BY MR. JUSTICE FELL, July 9, 1903 :

The single question presented by this appeal is whether the eighth section of the Act of June 8, 1893, P. L. 360, which regulates the construction, maintenance and inspection of buildings in Philadelphia, imposed on the defendant the duty to underpin and protect the wall of a building on an adjoining lot.  The first part of the section requires the owner of a building to sustain his wall erected on or near a boundary

line, or to pay the cost of making the building secure when excavations are made on the adjoining land to a depth not exceeding ten feet. The latter part of the section requires an owner of premises on which an excavation is made to a greater depth than ten feet to underpin and protect the wall of an adjoining structure. This part of the section is as fol-lows: " Should any owner or owners desire to excavate to a depth of more than ten feet, he or they shall protect and un-derpin the wall of an adjoining structure at his or their own expense; provided, however, that this section shall not apply to buildings now erected or to dwelling houses."

It is conceded that the defendant is not liable for the de-struction of the building occupied by the plaintiff as a tenant unless made so by the act of 1893, because prior to that time the owner of premises was required only to support the land of an adjoining owner in its natural state, and not to support buildings erected thereon. The building destroyed was erected before the passage of the act, and the proviso makes the sec-tion inapplicable in this case. It is, however, contended by the plaintiff that the proviso as written is void, because repug-nant to the section whose operation it is intended to qualify and limit, and that it should either be struck out altogether or construed as applying only to the first part of the section, or as excepting from the operation of the act buildings now being erected instead of " buildings now erected."

This contention cannot be sustained. The proviso only lim-its the application of the section in accordance with the legis-lative intention to establish regulations for the future for the construction of certain kinds of buildings. The act is a com-prehensive one, creating a bureau of building inspection, defin-ing its powers and establishing many new regulations to be observed in the construction of buildings and providing means for their enforcement. Generally these regulations are meant to apply to buildings of unusual size, erected for business pur-poses. Many of the regulations would be useless and unneces-sarily burdensome if applied to small buildings or to dwelling houses. The seventh section of the act, which provides for the laying of foundations, has a proviso authorizing the build-ing inspectors to exempt buildings from its requirements " when it appears that buildings are located on a street that is

not likely to be used for business purposes." The tenth and eleventh sections, which relate to the construction of base courses and foundation walls, are expressly made not to apply to dwelling houses. The eighth section imposes on owners thereafter erecting buildings other than dwelling houses the duty of supporting their own walls to the depth of ten feet, and extends the common-law right of lateral support of land in its natural state to land on which buildings have been erected, where an excavation is made to a greater depth than ten feet, by requiring the second builder to support both land and building. Read without its proviso, this section would impose the duty of lateral support in all cases. This would make the section retroactive, and would work injustice by requiring an owner whose building was constructed in accordance with the then existing building laws to underpin and support it, and by imposing on a builder the duty of supporting a building difficult to support because of its inadequate foundations. It may have been thought unnecessary to make the act apply to dwelling houses, since foundations ten feet below the surface are not usually necessary for their support, and the duty of supporting them in addition to the land is slight. It was deemed wise to change the law in regard to lateral support because of the changed conditions brought about by the construction of buildings requiring exceptionally deep foundations, and the line was arbitrarily fixed for the future at ten feet below the surface.

In deciding the question raised, we need look only to the legislative intention. This we find to be not that the act should apply to all buildings, in which case the proviso would be repugnant, but that it should apply in the future to certain classes of buildings. With this intent the proviso is entirely consistent, and both the section and the proviso can stand.

Since the language of the act is intelligible and clear, there is no room for construction.

The judgment is affirmed.