EMANUEL W. BLOOMINGDALE, Respondent, *v.* MARY A. DUFFY, as Executrix of the Last Will and Testament of JAMES J. DUFFY, Deceased, Appellant.

(Supreme Court, Appellate Term, March, 1911.)

Adjoining landowners — Right to lateral support and right to make excavations — Under building code of New York city; Liability for acts of contractor.

At common law, where land is built upon, the owner of the building must protect it against the effect of excavations made by the adjoining owner.

Section 22 of the building code of the city of New York, which provides that whenever an excavation shall be carried to the depth of more than ten feet below the curb the person or persons causing it, shall preserve contiguous walls or structures from injury, and support the same so that they shall remain as safe as before, obligates the owner of the building to leave the foundations of the adjoining house as stable as they were before the excavation; and, if the old building is caused to settle, the person causing the excavation is liable for the resultant damage.

The owner of the building in course of construction is not relieved from liability where the work is done by a contractor.

THIS is an appeal by the defendant from a judgment entered at the Trial Term of the City Court of the city of New York and from an order denying a motion for a new trial.

James A. Allen (Willard S. Allen, of counsel), for appellant.

Hays, Hershfield & Wolf (Daniel P. Hays, of counsel), for respondent.

PAGE, J.   This action was brought to recover damages sustained by plaintiff to his building, by reason of an excavation made by defendant's testator on adjoining premises for the purpose of erecting a new building.   The premises upon which the excavation was made were owned by the Stable

Realty Company, which made a contract with the defendant's testator to make the excavation and to do the shoring and bracing of the plaintiff's building. After the excavation was made, another contractor drove piles for the purpose of laying the foundation; and then another contractor did the masonry work underpinning the foundation of plaintiff's building and, by means of blue stone binders and tie-rods, connecting the foundation walls of the new building with plaintiff's building. While the work was in progress, plaintiff's building settled, causing the walls to crack; and a portion of the earth from plaintiff's lot fell into the excavation, whereby plaintiff suffered damage.

At the opening of the case plaintiff withdrew the second cause of action; and defendant moved to dismiss the complaint, on the ground that the statute imposed no duty upon defendant's testator with respect to the plaintiff's building, but that the obligation rested upon the owner of the premises adjoining plaintiff's building, who caused the excavation to be made. The motion was renewed at the close of plaintiff's case and again at the conclusion of the trial.

These motions were severally denied and exceptions duly taken. In this the court erred.

At common law, the owner of land is entitled to have it supported, in its natural condition, by the land of the adjoining owner; but, when the land is burdened by buildings, the adjoining owner owes no obligation to the owner of the building and can excavate alongside the building, and the owner thereof must protect his own building. By section 22 of the building code it is provided: " Whenever an excavation of either earth or rock for building or other purposes shall be intended to be or shall be carried to the depth of more than ten feet below the curb, the person or persons causing such excavation to be made shall at all times, from the commencement to the completion thereof, if afforded the necessary license to enter upon the adjoining land; and not otherwise, at his or their own expense, preserve any adjoining or contiguous wall or walls, structure or structures from injury and support the same by proper foundations, so that the said wall or walls, structure or structures, shall be and

remain practically as safe as before such excavation was commenced, whether the said adjoining or contiguous wall or walls, structure or structures, are down more or less than ten feet below the curb."

The obligation is not merely, as contended by plaintiff, and as stated by the learned trial judge, to keep the building " practically as safe as it was before the excavation was commenced and until the final completion of the excavation in question," but the obligation is also to leave the foundations of the adjoining house as stable as they were before the excavation; and if, from the weight of the new building the old building is caused to settle, the person causing the excavation would be liable for the damage. Bernheimer v. Kilpatrick, 53 Hun, 316. Therefore, the obligation of the statute applies, whether the injury was caused by the excavation, improper masonry work in underpinning, or in the construction of the walls, or from the foundations that were placed under the new building and connecting with the old settling by reason of the weight of the new structure. Is it reasonable to suppose that it was the intent of the Legislature (this section of the building code has the effect of a statute and is based upon section 474 of the Consolidation Act. of 1882) to impose this liability upon the person that had the contract for digging the excavation? Counsel admit that they have discovered no case that so holds. The words, " the person causing such excavation to be made," must refer to the owner of the adjoining property or one having such an interest therein as to entitle him to cause to be erected thereon a building, and the word " owner" was probably not used for the reason that when, as is frequently the case, the owner has leased the land for a long period of years, and the tenant erects a building thereon, the obligation of the statute should rest on the tenant and not on the owner, as the efficient cause of the excavation.

The fact that defendant's testator had contracted with the owner to do the shoring and bracing of plaintiff's building does not relieve the owner from his liability (Dorrity v. Rapp, 72 N. Y. 307), the court holding in that case, after stating the common-law rule, " This being the state of the

common law upon the subject, the Legislature, in 1855, interposed to regulate the exercise by owners of land in the cities of New York and Brooklyn of the right of excavation, and to afford to owners of buildings a new protection against injuries from excavations on adjoining lands. * * * The fact that he made a contract with Sullivan to do the work, did not exempt him as the owner of the premises from the performance of the duty imposed by statute upon the party 'causing the excavation to be made.'" If defendant's testator did the work negligently, he would have been liable to the owner with whom he made his contract, but not, because thereof, to the adjoining owner. The liability imposed by statute is not predicated upon the degree of care used, but is absolute and unqualified. Post v. Kerwin, 133 App. Div. 404. Nor can plaintiff recover from defendant's testator on the theory that the contract was for his benefit. The action was, therefore, improperly brought against defendant, and the motion to dismiss should have been granted.

The judgment will, therefore, be reversed, with costs, and the complaint dismissed, with costs.

SEABURY and BIJUR, JJ., concur.

Judgment reversed.