(95 Misc. Rep. 647)

### BERGEN v. MORTON AMUSEMENT CO., Inc., et al.

(Supreme Court, Trial Term, Erie County.   June 23, 1916.)

1. MASTER AND SERVANT ⬅315—INDEPENDENT CONTRACTOR—LIABILITY FOR TORTS.

Where the relation of master and servant or principal and agent does not exist, but an injury results from negligence in the performance of work by an independent contractor, the party with whom he contracted is not responsible for his negligence or that of his servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1241, 1244–1253, 1255, 1256; Dec. Dig. ⬅315.]

2. ADJOINING LANDOWNERS ⬅3—RIGHT OF LATERAL SUPPORT.

By the common law, the owner of land contiguous to the land of another is entitled to the right of support, and when an excavation is made and such right is taken away and damage results to the adjoining owner, the owner making the excavation must make good the damage.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 7–20; Dec. Dig. ⬅3.]

3. ADJOINING LANDOWNERS ⬅4(1)—RIGHT OF LATERAL SUPPORT—BUILDINGS.

The natural right of lateral support as between owners of contiguous lands existed in respect to the lands only, and not in respect to buildings or erections thereon.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–24; Dec. Dig. ⬅4(1).]

4. ADJOINING LANDOWNERS ⬅4(1)—RIGHT OF LATERAL SUPPORT—BUILDINGS —STATUTES.

By Laws 1855, c. 6, the right of lateral support between owners of contiguous land was extended to buildings and other erections in the city of New York.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–24; Dec. Dig. ⬅4(1).]

5. MASTER AND SERVANT ⬅319—RIGHT OF LATERAL SUPPORT—INDEPENDENT CONTRACTOR.

The duty to protect the land or soil of contiguous property when making excavations is an absolute one, and the owner of the property excavated cannot absolve himself of personal liability from damages resulting from inadequate protection against cave-ins by contracting with another to make the excavation; such contract providing that such contractor shall properly shore or protect the adjoining property.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260; Dec. Dig. ⬅319.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. NEGLIGENCE ⬦134(1)—SUFFICIENCY OF EVIDENCE.

In an action for personal injuries when a private walk adjoining an excavation caved in, evidence *held* sufficient to justify verdict that the owner of the excavated premises and the contractor for the excavation were guilty of negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 267; Dec. Dig. ⬦134(1).]

7. MUNICIPAL CORPORATIONS ⬦601—ORDINANCE—ILLEGALITY.

Under charter of the city of Buffalo giving power to prescribe regulations for the erection of buildings, etc., an ordinance of the city, providing that in excavating to adjoining premises or to the line of street curbs the party excavating shall sheet-pile with plank two inches thick, is valid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. ⬦601.]

8. NEGLIGENCE ⬦31—VIOLATION OF ORDINANCE.

A party, walking near premises being excavated for their owner by an independent contractor, injured by a cave-in, which was caused by the excavation not being sheet-piled, as required by a city ordinance, had a cause of action against the owner of the premises based on the violation of the ordinance.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 50; Dec. Dig. ⬦31.]

9. NEGLIGENCE ⬦134(9)—EVIDENCE—VIOLATION OF ORDINANCE.

In an action for injuries when plaintiff, walking along a private walk, was injured by a cave-in caused by an excavation on adjoining premises not being properly sheet-piled as required by city ordinance, the failure to observe the requirements of the ordinance was some evidence of negligence on the part of the owner of the excavated premises.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 269; Dec. Dig. ⬦134(9).]

Action by Mary A. Bergen against the Morton Amusement Company, Incorporated, and others. On motion for new trial after verdict for plaintiff against the named defendant and another. Motion denied.

Goldring & Sherman, of Buffalo, for plaintiff.
Elijah W. Holt, of Buffalo, for defendant Amusement Co.
Philip A. Sullivan, of Buffalo, for defendant Sartorelli.
Charles F. Boine, of Buffalo, for defendants Shaffer.

WHEELER, J. The plaintiff recovered a verdict against the amusement company and the defendant Sartorelli, and these defendants now move for a new trial.

The action was to recover for personal injuries received under the following circumstances: The amusement company was the owner of a lot fronting on Connecticut street in the city of Buffalo. It proposed the erection of a theater building on this property. Its president, who was an architect, prepared plans and specifications for its erection. The defendant Sartorelli made a written contract with the amusement company to do the excavation and mason work according to the plans and specifications. The specifications provided that the contractor making the excavation should properly shore and protect the banks from giving way or falling in. Sartorelli, the contractor, made a subcontract for the excavation work with the defendants Shaffer. This

was an oral agreement. Sartorelli testified that this oral agreement with the Shaffers required that they, in turn, should properly shore the banks. The Shaffers claimed that nothing was said on that subject.

The Shaffers, however, proceeded with the work of making the required excavations for the building to be erected, and, as the excavation progressed, Sartorelli and his workmen went on putting in the foundation walls.

The Shaffers contended that, at the time of the accident, they had fully completed the excavation work, and turned it over to Sartorelli. This was disputed by Sartorelli on the trial.

The excavation in question was made close to the division line of the adjoining lot, and was some fourteen feet in depth at the point where the accident to the plaintiff occurred. On this adjoining lot stood two houses, one in front and one on the rear of the lot. A flagstone walk ran from the street to the rear house, and was laid about six inches from the lot line and excavation. The plaintiff and her husband occupied, as tenants, a portion of the house in front. On the day of the accident the plaintiff had returned home from a day's work, and was going along this walk toward the rear of the lot to get a basket belonging to her which had been taken back. While doing so, the bank underneath the flagging gave way, the stones dropped beneath her feet, and the plaintiff was thrown into the excavation, and fell against some piping which had been exposed by the digging. She received quite serious injuries, and for these this action was brought.

The evidence showed that the city of Buffalo had passed, as one of its building ordinances, one requiring a person making an excavation of the depth this was, to properly shore and protect the banks by sheet-piling. The evidence further shows that this was the usual and customary way of guarding against cave-ins by those doing work of this character. It also appeared that the president of the amusement company, who was the architect in charge, and reserved to himself the right of general supervision, had observed that the excavation had not been properly shored, and two or three days prior to the accident had called Sartorelli's attention to the matter, and told him this work should be shored, and said in substance that, if a rain came on, the banks were likely to fall in. Thus the amusement company and Sartorelli had full notice of just what was likely to happen, and did happen. A hard rain came and softened the soil, and, when the plaintiff passed over the walk, it gave way, and the plaintiff was thrown into the excavation as stated.

In this connection, it should be noted that the contract between the amusement company and Sartorelli provided that, if the contractor failed to keep or observe its provisions and requirements, then the amusement company might intervene and do the things required or omitted.

[1] The defendant the amusement company contends that the verdict against it ought not to stand, upon the general rule of law that where the relation of master and servant or principal and agent does not exist, but an injury results from negligence in the performance of

work by an independent contractor, the party with whom he contracts is not responsible for his negligence, or that of his servants. Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542. And it is argued that, inasmuch as the contract between the amusement company and Sartorelli called for proper shoring of the banks by Sartorelli, the amusement company cannot be held responsible for the negligence of Sartorelli, or his subcontractors, in not observing the requirements of the agreement.

It is probably generally true that the owner is not responsible for the contractor's negligence, but only for his own. But can it be said in this case that the accident happened solely by reason of the negligence of the contractor, and that the amusement company was entirely blameless?

The court, in submitting this case to the jury, did not charge that the amusement company became responsible for the neglect or acts of either Sartorelli or of the Shaffers on the doctrine of principal and agent or respondeat superior, but left it to the jury to say whether the amusement company had itself been guilty of any negligence on its part. The question therefore remains whether the evidence and rules of law justified the court in submitting to the jury the question of the negligence of the amusement company.

[2] What duty, if any, did the amusement company owe to the owner of the adjoining lot? By the common law, the owner of land contiguous to the land of another is entitled to the right of support, and, when excavation is made and this right of support is taken away and damage results to the adjoining owner, the owner making the excavation must make good the damage. Dorrity v. Rapp, 72 N. Y. 307; Jones on Easements, §§ 585, 586; Farrand v. Marshall, 21 Barb. 409; White v. Nassau Trust Co., 168 N. Y. 155, 61 N. E. 169, 64 L. R. A. 275; Leerburger v. Hennessey Realty Co., 154 App. Div, 160, 138 N. Y. Supp. 921; Riley v. Continuous Rail Joint Co., 110 App. Div. 787, 97 N. Y. Supp. 283, affirmed 193 N. Y. 643, 86 N. E. 1132; Thurston v. Hancock, 12 Mass. 221, 7 Am. Dec. 57; Goddard on Easements, 31.

[3] This natural right of support as between owners of contiguous lands exists in respect of lands only, and not in respect of buildings or erections thereon. Dorrity v. Rapp, 72 N. Y. 309, and cases cited.

[4] By legislative enactment, however, this duty of protection was extended to buildings and other erections in the city of New York. Chapter 6, Laws of 1855. The statute referred to has no application to the city of Buffalo, although there exists, and was introduced in evidence on the trial of this action, a city ordinance making it the duty of persons excavating below a certain depth to protect the embankment by sheet-piling.

[5] We think, however, in view of the decisions cited, the duty to properly protect the land or soil of contiguous property where excavations are made adjoining it is an absolute one, and that the owner of the property excavated cannot absolve himself from personal liability for damages resulting from inadequate protection against cave-ins by contracting with a third party for doing the work.

It has been held that under the act of 1855 (chapter 6, Laws of 1855), regulating the exercise by owners of land in the cities of New York and Brooklyn of the right of excavation upon their own lands, and requiring them to preserve from injury, and to support any wall upon adjoining land standing upon or near the boundary line, the fact that an owner has contracted with another to make the excavation upon his land does not exempt the owner from the performance of the duty imposed by the act. Dorrity v. Rapp, 72 N. Y. 307; Rosenstock v. Laue, 140 App. Div. 467, 125 N. Y. Supp. 361.

Does it not follow that, where the common law imposes a like duty so far as the support of the soil itself on adjoining property is concerned, the owner will be held responsible for damages resulting from excavations, although he may have contracted with another to make the excavation, and in such contract provides the contractor should properly shore and protect the adjoining property? In principle, such a duty ought not to be escaped by delegation to another.

In the case of Berg v. Parsons, 156 N. Y. 115, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542, the court points out certain exceptions to the general rule that where the relation of master and servant or principal and agent does not exist, but an injury results from negligence in the performance of work by a contractor, the person with whom he contracts is not responsible for his negligence or that of his servants. The court specifies among these exceptions cases where the employer personally interferes with the work, and acts done by him occasions injury; where the thing contracted to be done is unlawful; where the acts performed create a public nuisance; "and where an employer is bound by statute to do a thing efficiently and an injury results from its inefficiency." It will be noted that the last exception refers to things required to be efficiently performed "by statute." We do not understand that the exception to the general rule is necessarily limited to things required to be efficiently performed "by statute," but may also cover other situations where an active personal duty to see a thing properly done is cast on another. Such, we conceive, is the duty cast on the owner of property causing an excavation to be made next to or near adjoining lands.

The rule is illustrated by the case of Deming v. Terminal Railway Co. of Buffalo, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521, and the numerous cases cited and discussed in the court's opinion. In that case, a railroad company, having been permitted to carry a highway over its tracks, was held liable for an injury occurring to a traveler on the highway resulting from the failure of an independent contractor, to whom the entire work had been let, to properly guard or light an embankment made in the highway in the prosecution of the work, because its liability rested, not upon the negligence of the contractor, for which, under the doctrine of respondeat superior, the railroad would not be liable, but upon a breach of its duty to the public to keep the highway in a safe condition while the work progressed.

Here the liability of the amusement company is not predicated on the doctrine of respondeat superior for the negligence of Sartorelli, but for a breach of its duty to properly protect the excavation for the

benefit of the owner and occupants of the adjoining property. Most instructive cases illustrating this general doctrine are to be found in Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279, and Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274.

In the Hay Case, a corporation dug a canal upon its own land for the purposes authorized by its charter. In so doing it was necessary to blast rocks with gunpowder, and the fragments were thrown against and injured the plaintiff's dwelling upon adjoining lands, and it was held that the defendant was liable for the injury, although no negligence or want of skill in executing the work was alleged or proved.

The rule laid down in Hay v. Cohoes Company, supra, was approved in the case of Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, and was invoked, not in behalf of the owner of adjoining premises, but in behalf of a third person suffering personal injuries by blasting of stumps from an adjoining lot, and it was there, in turn, held that it was not essential for the plaintiff to establish negligence or want of skill in order to make out a cause of action. The court emphasized the general doctrine that:

"The use of land by the proprietor is not an absolute right, but qualified and limited by the higher right of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motives of the aggressor." Hay v. Cohoes Co., 2 N. Y. 161, 51 Am. Dec. 279.

[6] In this case the trial court submitted the issues to the jury on the theory of negligence, and left it for them to say whether the accident to the plaintiff was caused by the negligence of the defendants or either of them. In this respect, the ruling of the trial court was perhaps more favorable to the defendants than they had the strict right to demand. The jury found, by their verdict, that both the amusement company and Sartorelli, the contractor, were guilty of negligence, and in this finding we think the evidence justified the verdict, for, as we have already pointed out, it appeared that the danger of the adjoining land caving in and falling was observed and known to the president of the amusement company, who was the supervising architect in charge of the work; that he called the attention of Sartorelli, the contractor, to the danger, and discussed it with him; and that, although the contract between the amusement company and Sartorelli reserved to the amusement company the right to intervene and do the work itself, nothing was, in fact, done by any one until the accident happened.

[7] In the foregoing discussion of the case, we have omitted from our consideration the force and effect of the ordinance of the city of Buffalo providing as follows:

"Sec. 73. In excavating to adjoining premises, where there is not existing a retaining wall at the time of such excavation and in excavating to line of street curbs for any building or other purpose, to a greater depth than four (4) feet from grade, the party causing such excavation shall sheet-pile with plank two inches thick, extending full width and from grade to bottom of excavation. The party causing such excavation and placing such sheet-piling,

shall replace all damaged work and material, in as good condition as it was before excavation was commenced."

The charter of the city gives the city power "to prescribe general regulations for the erection of all buildings in the city," etc.

It is contended by the defendants that the city council had no power or authority to pass the ordinance in question, and that it is therefore illegal and void, and can in no way affect or modify the duties or obligations of the defendants to the adjoining owner, or to third persons.

We are of the opinion, however, that the ordinance should not be condemned as illegal. Certainly the city has the power to prescribe the mode and manner of the construction of buildings within city limits in the interest of health and safety. No one will challenge that power. May it not also, by virtue of the same authority, and in the exercise of the general police power vested in a municipality, provide how excavations on lands shall be made for the safety and protection of the public, and those likely to suffer injury by the nonobservance of reasonable rules and precautions against accidents in the prosecution of the work? 28 Cyc. 736, and cases cited.

[8] We think the city of Buffalo had such authority. If we are right in this conclusion, then it follows that a violation of the ordinance quoted in and of itself furnished a basis for the maintenance of this action.

Referring again to the case of Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542, it is there laid down as a rule of law that one of the exceptions to the general rule exempting one from liability for the acts of an independent contractor is "where an employer is bound by a statute to do a thing efficiently, and an injury results from its inefficiency," and it follows that, if the ordinance is valid, then the amusement company causing the excavation to be made became liable for its improper shoring and protection.

The language of the ordinance is very similar to that employed in the legislative statute (chapter 6, Laws of 1855) relating to New York and Brooklyn, and it was held in Dorrity v. Rapp, 72 N. Y. 308, and Rosenstock v. Laue, 140 App. Div. 467, 125 N. Y. Supp. 361, that the duty of properly protecting excavations was one resting on the owner, and that he is the party "causing such excavation to be made" within the meaning of the statute.

[9] Certainly a failure to observe the requirements of the ordinance is some evidence of negligence, and that is what the court instructed the jury, saying in substance that they might take the violation of the ordinance into consideration with the other facts and circumstances of the case in determining whether or not the defendants, or any of them, were guilty of negligence.

We reach the conclusion that the motion for a new trial should be denied.

So ordered.