JOSEPH GORDON, Plaintiff, *v.* AUTOMOBILE CLUB OF AMERICA, HEDDEN CONSTRUCTION COMPANY and MILLER, DAYBILL & Co., Defendants.*

(Supreme Court, New York Special Term, September, 1916.)

*New York city — Building Code,* § 22 — *ratification and confirmation by amended charter of* 1901 — *building excavations — support of adjoining walls.*

DEMURRER to complaint.

Leo Oppenheimer, for plaintiff.

Carter, Ledyard & Milburn, for defendants.

GREENBAUM, J. The defendant Automobile Club of America demurs to the plaintiff's complaint for failure to allege a cause of action. For a first cause of action the complaint alleges that plaintiff's assignor, the United States Leasing and Holding Company, is the lessee of certain lots of land, with the buildings thereon, known as Nos. 236 and 238 West Fifty-fifth street, in the borough of Manhattan; that under the lease the lessee was obliged to make all repairs to the inside of said buildings; that one Sarah J. Wyckoff Bent is the owner of the lot of land of the approximate width of twenty feet adjoining plaintiff's leased premises on the westerly side thereof and known as 240 West Fifty-fifth street; that adjoining said last named premises on the westerly side thereof the defendant Automobile Club of America is the owner of certain lands upon which it caused excavations to be made to a depth of more than ten feet for the purpose of constructing a building thereon; that for the purpose of preserving and protecting the wall or walls of the building of said Bent, pursuant to a request made under section 22 of the Building Code of the city of New York, it entered upon the premises of said

---

*Affirmed by the Appellate Division, First Department, November 9, 1917.—[REPR.

Bent with her consent and in connection with said excavation made upon its premises it also caused an excavation to be made upon the Bent premises to a depth of more than ten feet below the curb, and did not request permission as required by section 22 of the Building Code to enter upon the premises Nos. 236 and 238 West Fifty-fifth street for the purpose of protecting the walls and the building thereon, and failed to support the said walls by proper foundations. The plaintiff then alleges injury to said building in the listing of its wall, due to the defendant's omission of its duty under section 22 of the Building Code and the consequent cracking and falling of the ceilings, walls and plastering to such an extent that the premises were rendered unsafe and resulted in a loss of rentals of various apartments for all of which damages in a substantial sum are demanded. Under the common law an owner of land with a building thereon was not entitled ordinarily to have the walls of his building protected by one causing an excavation to be made on adjoining land. *Dorrity* v. *Rapp,* 72 N. Y. 307. In 1855 the common-law rule was modified by legislative enactment, and from time to time thereafter various amendments were made to the statute until the adoption of the New York City Building Code, now in force, which was ratified and confirmed by the amended charter of 1901 (Laws of 1901, chap. 466, § 407), thus giving it the force and effect of statutory law. *City of Buffalo* v. *New York, L. E. & W. R. R. Co.,* 152 N. Y. 276; *City of Rochester* v. *Simpson,* 134 id. 414. For the history of the legislation on this subject in this state and for the law and authorities bearing upon the interpretation of section 22 see the opinion of the referee in *Baxter* v. *York Realty Co.,* filed with the judgment roll (affirmed in 128 App. Div. 79, and 198 N. Y. 521). The theory of plaintiff's complaint is that the demurring defendant's act in causing an excavation to be made upon Mrs. Bent's land

for the purpose of protecting the building upon her land imposed a further duty upon this defendant to protect the walls of the building standing upon Nos. 236 and 238 West Fifty-fifth street. The defendant insists that, since its obligations are limited by the provisions of section 22 of the Building Code, there is nothing in the enactment which requires it to protect the walls of a building situated upon a plot of land that is separated from its own land by the intervening land and building of Mrs. Bent. The rights of the parties depend upon the interpretation to be given to section 22 of the Building Code. That section provides *inter alia* that "the person or persons causing such excavation to be made shall, * * * if afforded the necessary license to enter upon the adjoining land, and not otherwise, at his or their own expense, preserve any adjoining or contiguous wall or walls, structure or structures, from injury and support the same by proper foundations, so that the said wall or walls, structure or structures, shall be and remain practically as safe as before such excavation was commenced. If the necessary license is not accorded to the person or persons making such excavation, then it shall be the duty of the owner refusing to grant such license to make the adjoining or contiguous wall or walls, structure or structures, safe and support the same by proper foundations, so that the adjoining excavations may be made and shall be permitted to enter upon the premises where such excavations may be made for that purpose, when necessary." The distinctive use of the adjective " adjoining " in conjunction with the adjective " contiguous," indicates that the obligation extends not only to a wall or structure which touches the excavation, but also to a wall or structure which is " contiguous," *i. e.*, " near to " or " in close proximity to," definitions etymologically recognized and which have received judicial sanction. *Baxter* v. *York Realty Co., supra; Arkell* v. *Commerce*

*Ins. Co.,* 69 N. Y. 191; *State* v. *Superior Court,* 106 Pac. Rep. 481. The ordinance is an extension of the common-law doctrine of lateral support of land in its natural state to land burdened with buildings and improvements, and should be construed in the light of the principles governing rights and liabilities arising under the common-law doctrine. Under the common law, liability for injury to lateral support of land was not restricted to damage inflicted upon land of an adjoining owner, but included injury to any land within the natural zone of support (*Birmingham* v. *Allen,* L. R. [6 Ch. Div.] 284; *Murray* v. *Pannoci,* 64 N. J. Eq. 147, 154), and might be enforced against an owner, his agent or licensee, or any other person by whom the injury was caused. *Gilmore* v. *Driscoll,* 122 Mass. 199. In this case, however, an excavation was made upon land adjoining that of plaintiff's assignor exceeding ten feet in depth, and such excavation under the terms of the ordinance, as judicially construed, adjoined or was contiguous to the building in question. *Baxter* v. *York Realty Co., supra.* The case, therefore, apart from the support of the analogous common-law principles just discussed, falls directly within the terms of the ordinance, and if the effect of such excavation was to deprive the land of the plaintiff's assignor of its natural support so as to injure the building thereon, the defendant was bound to furnish adequate support to protect it from injury. The ordinance imposes a duty upon the person causing the excavation to be made, and, hence, any person having a special interest in its observance is entitled to sue for damages sustained by its violation. *Willy* v. *Mulledy,* 78 N. Y. 310. Similar considerations dispose of the second cause of action, the allegations of which (saving the additional charge of negligence) are essentially the same as those of the first cause of action. It follows that the demurrer of the defendant Automobile Club of America must be overruled. For the reasons stated

in the opinion upon the decision of the previous demurrer of the defendants Hedden Construction Co. and Miller, Daybill & Co. (N. Y. L. J., Sept. 14, 1915), the demurrer of these defendants must be sustained.

Demurrer sustained.