JOSEPH HIRSCHBERG, APPELLANT, v. BENJAMIN FLUS-
SER, RESPONDENT.

Submitted July 5, 1917—Decided November 7, 1917.

The requirement of the act of 1871 (*Comp. Stat., p.* 3926) that one
excavating more than eight feet deep on his own land shall sup-
port his neighbor's wall on adjoining land, if licensed to enter
on that neighbor's land for such purpose, is an absolute one.
Reasonable care alone is not sufficient.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the appellant, *Philip J. Schotland.*

For the respondent, *Samuel Roessler.*

The opinion of the court was delivered by

PARKER, J.   This appeal turns upon the meaning and
effect of the statute entitled "An act relating to party walls
and other walls standing upon or near boundary lines of ad-
joining lands," first enacted in 1871. *Pamph. L., p.* 20;
*Rev.* 1877, *p.* 809. The title was amended in 1909. *Pamph.
L., p.* 200; *Comp. Stat., p.* 3926. The act provides "that
whenever any excavations hereafter commenced, for building
or other purposes, on any lot or piece of land, shall be in-
tended to be carried to the depth of more than eight feet
below the curb or grade of the street, and there shall be any
party or other wall, wholly or partly on adjoining land, and
standing upon or near the boundary lines of such lot, the
person causing such excavations to be made, if afforded the
necessary license to enter on the adjoining land, and not other-
wise, shall at all times, from the commencement until the

completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced." The pertinent facts are that plaintiff and defendant were adjoining owners; that defendant proposed to build on his own land and to excavate for that purpose more than eight feet in depth, and obtained a license to enter on the plaintiff's land for the purpose of providing proper support to a wall of plaintiff's building. The situation was therefore concededly within the statute. The case further shows that during the excavation plaintiff's wall cracked and sagged, and plaintiff sued for the damages caused thereby. At the trial the jury were told to ascertain whether the wall was injured as a result of defendant's excavations, and if so, then to ascertain further whether defendant had done what the law required him to do to preserve plaintiff's property, and the jury were instructed that if he had so done, plaintiff could not recover. The jury returned a verdict for defendant, and plaintiff on this appeal claims that the trial court failed to give full effect to the statute. The plaintiff's position is that by the act, one excavating over eight feet on his own land must at his peril protect the wall of his neighbor from injury by reason of such excavation; the defendant's, that the excavator must use all reasonable care so to protect the wall on the adjoining premises, but cannot be held to more than that.

Plainly, the statute is a radical departure from the common law, which contented itself with requiring support of the adjoining land alone, and left its owner to care for his own building, after reasonable notice of the intended excavation. *Schultz* v. *Byers, 53 N. J. L.* 442. The language of the act of 1871 is so strong and so plain as to leave little, if any, room for doubt. In a case within its purview it requires the person causing the excavation to be made, when licensed to enter on the other's land for that purpose, *at all times* from commencement to completion, at his own expense, to *preserve* said wall from injury, and so *support* the same by a

proper foundation that it shall *remain as stable as before such excavations were commenced.* There is nothing in this about due care, or reasonable care; the duty is an absolute one, to support the wall and keep it as stable as before the excavation was begun. We have difficulty in imagining language that could be stronger or more explicit.

Viewed in this light, there was error in the judge's instructions to the jury. At one place he quoted the statute and correctly charged that if the defendant failed to support the wall, and it sagged as a result of that failure, defendant was liable; but the effect of this was destroyed by instructions elsewhere in the charge, in which he left it to the jury to say whether the wall was protected as soon as was *reasonably necessary* to preserve it from injury. The two questions put to the jury were, first, did the building settle because of the excavation, and secondly, if so, did the defendant do what the law requires him to do to protect plaintiff's property; if he did, then even if the building settled (because of the excavation) the defendant would not be liable.

As we read the statute, an affirmative answer to the first question necessarily requires a negative answer to the second; for the law required defendant to prevent any settlement as a result of his excavation. The underlying idea of the charge seems to have been that if defendant did all that he reasonably could do, he should not be held, even though he failed to prevent injury. This, we think, is not the law. And the fact that the law was properly laid down at one place in the charge will not cure the error in the other part. *State* v. *Tapack,* 78 *N. J. L.* 208. Nor can we assume that the jury found the building did not settle because of the excavation, for they were not called on to answer that question separately.

The judgment will be reversed, to the end that a *venire de novo* issue.