## McDANIEL BROS. et al. v. WILSON et al.

### Nos. 2080, 2081.

Court of Civil Appeals of Texas. Beaumont.
Sept. 3, 1931.

Rehearings Denied Jan. 13, 1932.

A. L. Calhoun and D. C. Marcus, both of Beaumont, and Andrews, Streetman, Logue & Mobley, of Houston, for appellants.

George Chilton, of Beaumont, for appellees.

WALKER, J.

Appellants are C. H. and Howard McDaniel, individually and as partners under the firm name of McDaniel Brothers, E. L. Wilson Hardware Company, a corporation, and Southern Surety Company. Appellees are E. E. Wilson and Mrs. Maude W. Littleton, joined pro forma by her husband, Martin W. Littleton, individually and as independent executors of the estate of Mrs. Minnie G. Starke, deceased. In the court below appellees were plaintiffs and appellants defendants. Appellees thus state the nature and result of the suit as tried in the lower court:

"It was alleged that the E. L. Wilson Hardware Company was the owner of a lot immediately north of the property of appellees and on a certain date the Hardware Company and the said McDaniel Brothers, as contractors and agents, began the digging with heavy machinery of a large and deep excavation upon the property of the said Hardware Company adjoining the property of appellees, and thereafter completed the digging of said excavation, the same being dug down into the earth to a depth of twelve or fifteen feet making a cavity about sixty or seventy feet wide and one hundred forty or one hundred fifty feet long, it being so dug within a distance of five or eight feet of the foundation of the north wall of the building of appellees; that the digging of said cavity or excavation had the effect to deprive the land of appellees and improvements thereon situated of the proper and natural lateral support.

"We will here quote the very important paragraph 4 of the petition of appellees as follows:

" 'That the said E. L. Wilson Hardware Company or the said McDaniel Brothers did not comply with the law or ordinances of the municipal corporation of the City of Beaumont in connection with the making of such excavation on the property of said E. L. Wilson Hardware Company.

" 'That an ordinance of the City of Beaumont, passed January 10th, 1922 and in force and effect at the time of the acts herein complained of, such ordinance being known as the "Building, Electrical and Plumbing Code," provided among other things, substantially as follows:

" 'Excavations—

" ' (a) All excavations for buildings shall be so guarded and protected as to prevent the same from becoming dangerous to life or property and shall be sheath-piled by the person or persons causing the excavations to be made when necessary to prevent the adjoining earth from caving in by reason of its own weight, or by reason of any weight that may rest upon it. Whenever there shall be any excavations hereafter commenced upon any lot or piece of land and there shall be a building or buildings on the adjoining lot, the person or persons making such excavations shall, at his, her, or their expense, protect, underpin or make perfectly safe the adjoining property.

" '(b) Whenever an excavation for building or other purposes shall be intended to be or shall be carried below the grade, the person causing such excavations to be made shall at all times from the commencement until the completion thereof at his own expense preserve any adjoining or contiguous wall, structure, yard, bank of earth or rock from injury, and support the same by proper foundations or retaining walls, so that they shall be and remain practically as safe as before such excavations were commenced, whether the said adjoining or contiguous wall, structure, yard, bank of earth or rock from injury, are down more or less than grade.

" 'For this purpose such approved foundations or retaining walls may be built upon the property upon which such wall, structure, yard or bank of earth or rock is situated.'

"That the said E. L. Wilson Hardware Company or McDaniel Brothers did not so guard and protect the said excavation as to prevent the same from becoming dangerous to life or property, and did not protect, underpin or make safe the adjoining property of these plaintiffs, and although the excavation made on the property of said E. L. Wilson Hardware Company was carried below the grade, the said defendants did not at the commencement thereof or thereafter preserve the adjoining or contiguous wall, structure and building of these plaintiffs, or support the same by proper foundations or retaining walls, so that same might remain safe.

"In Paragraph 5, as additional ground of liability, certain alleged acts of negligence as at common law were set forth, it being alleged that appellants were negligent in not removing and taking out the earth in making such excavation in sections, allowing the excava-

tion to remain open and exposed to the elements for an unnecessary and unreasonable length of time, etc.

"In paragraph 6, it was alleged in substance, that as a result and effect of the acts of appellants, the earth underlying the foundation of appellees' building was caused to sink, slip, slide and move in the direction of said excavation causing the walls of the building to crack, move and sink, become greatly weakened, dislocating the joists of the building, causing the windows in storerooms to become dislocated and out of plumb and breaking glass of said show windows and causing a general dislocating and weakening of walls of the building, etc. The items of damage were then set forth in detail.

"To this petition the appellants McDaniel Brothers and E. L. Wilson Hardware Company filed separate answers, being only a general demurrer and general denial. Neither party in any way questioned the validity, effect and operation of the City Ordinance and Building Code above referred to nor did the E. L. Wilson Hardware Company specially plead as against appellants, that the acts in question were those of an independent contractor.

"The Hardware Company by cross action asked for judgment over against McDaniel Brothers and judgment against the party that they brought into the suit, the Southern Surety Company of New York, by reason of the terms of a contract between the Hardware Company and McDaniel Brothers and the terms and provisions of indemnity bonds given.

"* * * At the conclusion of the offering of testimony by all parties in the trial court, the trial judge gave to the jury a peremptory instruction to find in favor of the defendant, Southern Surety Company, and in favor of defendant E. L. Wilson Hardware Company, which the jury accordingly did, and further answered certain special issues submitted. The Court refused the motion of plaintiffs and of McDaniel Brothers for peremptory instruction.

"The special issues submitted, together with the jury's answers, are as follows:

" 'Special Issue No. 1: Was the making and maintaining of excavation referred to in the evidence the proximate cause of injury to the property of the plaintiffs? Answer, Yes.'

"By proximate cause is meant 'that which in a natural and continuous sequence, unbroken by any new independent cause produces the event and without which the event would not have occurred.'

" 'Special Issue No. 2: Were the defendants, McDaniel Brothers, guilty of negligence in connection with the making and manner of handling and maintaining said excavation? Answer, No.'

"In this connection you are instructed that the word negligence, as used in this charge, means 'the failure to do that which a person of ordinary prudence and caution will do under the same or similar circumstances.'

" 'Special Issue No. 3: If, in answer to question No. 2, you have answered affirmatively, then you are asked, was such negligence the proximate cause of the injury to plaintiffs' property? Answer, ————.'

" 'Special Issue No. 4: Do you find from the evidence that the sum of money paid by the plaintiffs for repairs to the building in question and for fees paid architects were reasonable charges for the said repairs and services? Answer, Yes.'

"The appellees, plaintiffs below, then filed a motion asking court to enter judgment in their favor on the jury's verdict and the undisputed facts proven, and further to set aside the peremptory instruction in favor of the Hardware Company and enter judgment in plaintiffs' favor against said company; and upon due consideration of said motion the court did grant the same and enter judgment here appealed from. The court further in favor of the Hardware Company set aside, in effect, its action in giving peremptory instruction in favor of the Southern Surety Company, and entered judgment in favor of the Hardware Company against the Southern Surety Company for the same amount as recovered by plaintiffs, and also rendered judgment in favor of the Hardware Company against McDaniel Brothers, all in accordance with the contract and indemnity bond by which the contractor was responsible for damage to adjoining property and required to make good such damage."

█ Because the jury acquitted appellants of the specific acts of common-law negligence charged against them, they insist that judgment should have been rendered in their favor on the verdict of the jury. In this connection they erroneously construe appellees' petition. It is manifest, from the analysis of the pleadings given above, that appellees plead two grounds of recovery: (a) Negligence as a matter of law, that is, the failure to observe and comply with the provisions of the city ordinance in making the excavation; and (b) the specific acts of common-law negligence as enumerated. Appellants have correctly interpreted the common law, as applied to the facts of this case. Thus, in Simon v. Nance, 45 Tex. Civ. App. 480, 100 S. W. 1038, 1040, Judge Key, speaking for the Austin Court of Civil Appeals, said: "The right of lateral support of the soil is absolute, and does not depend upon the question of due care or negligence. However, this absolute right is limited to the soil itself, and does not apply to buildings or other structures which have been placed upon the land. When it is sought to recover damages to improvements which have been placed upon the land, then, as a general

rule, the question of negligence becomes an important factor. Gilmore v. Driscoll, 122 Mass. 199, 23 Am. Rep. 312; Mears v. Dole, 135 Mass. 508; Mosier v. Oregon Co., 39 Or. 256, 64 P. 453, 87 Am. St. Rep. 652; Keating v. Cincinnati, 38 Ohio St. 141, 43 Am. Rep. 421; 1 Cyc. 777; 18 Am. & Eng. Ency. Law, 542." See, also, Rowland v. Murphy, by the Supreme Court, 66 Tex. 534, 1 S. W. 658.

So, if appellants were correct in their construction of appellees' petition that they pleaded only common-law negligence, then, under their propositions, they would be entitled to judgment on the verdict of the jury. But the rule that "negligence becomes an important factor" where the suit is for damages to improvements has reference only to negligence at common law and not to negligence per se, flowing from the failure of the wrongdoer to obey a positive legislative command. Because of the harshness of the common-law rule, and the injustice flowing from its application, the Legislatures of many states and the city councils of many cities have provided strict building regulations for the protection of adjoining property owners. The ordinance of the city of Beaumont, copied above, was enacted in this spirit; that is, to protect adjoining property owners from the dangers and risks inherent in the making of excavations on property lines. Under the provisions of this ordinance it was the absolute duty of E. L. Wilson Hardware Company, as the owner of the lot to be excavated, and McDaniel Brothers, the contractors, to protect, support, and make safe the foundations of appellees' building. This duty was absolute and, it having been shown without dispute that the ordinance was not complied with, appellees were liable to appellants as a matter of law for all damages proximately resulting from its violation. Bergen v. Morton Amusement Co., 95 Misc. Rep. 647, 159 N. Y. S. 935; Id., 178 App. Div. 400, 165 N. Y. S. 348; Ceffarelli v. Landino, 82 Conn. 126, 72 A. 564; Bloomingdale v. Duffy, 71 Misc. Rep. 136, 127 N. Y. S. 1080; Id., 146 App. Div. 879, 130 N. Y. S. 1105; Dorrity v. Rapp, 72 N. Y. 307; Post v. Kerwin, 133 App. Div. 404, 117 N. Y. S. 761; Cohen v. Simmons, 66 Hun, 634, 21 N. Y. S. 385; Hirschberg v. Flusser, 91 N. J. Law, 66, 102 A. 353; Wadasz v. Arcade Real Estate Co., 206 Pa. 539, 56 A. 46; Malmstad v. Telephone Co., 29 N. D. 21, 149 N. W. 690; Egan .v. Hotel Grunewald Co., 129 La. 163, 55 So. 750. The rule is announced as follows by 1 R. C. L. 388: "Where a statute requires a person making an excavation on his own land to protect the adjoining building, his failure to do so renders him liable for the resulting damages to the building."

In Hirschberg v. Flusser, 91 N. J. Law, 66, 102 A. 353, it was said: "The language of the Act of 1871 is so strong and so plain as to leave little, if any, room for doubt. In a case within its purview it requires the person causing the excavation to be made, when licensed to enter on the other's land for that purpose, at all times from commencement to completion, at his own expense, to preserve said wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced. There is nothing in this about due care, or reasonable care; the duty is an absolute one, to support the wall and keep it as stable as before the excavation was begun."

■ Notwithstanding the duty to comply strictly with the provisions of the city ordinance was absolute, appellants can be held to respond in damages only for the injuries proximately resulting from its violation. Texas & N. O. Ry. Co. v. Harrington (Tex. Civ. App.) 209 S. W. 685. Recognizing this rule, the court sent proximate cause, as an issue of fact, to the jury, by question No. 1, which was answered in appellees' favor. To aid the jury in answering question No. 1 the court gave the following definition of "proximate cause": "By proximate cause is meant that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which the event would not have occurred." Under appellants' exceptions this definition was fatally defective in the following respects: (a) It did not define the term "new independent cause," Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W. (2d) 570; Rio Bravo Oil Co. v. Matthews (Tex. Civ. App.) 20 S.W.(2d) 342; Blanch v. Villiva (Tex. Civ. App.) 22 S.W.(2d) 490; (b) it did not submit the issue of foreseeableness or anticipation of the injury complained of, as the result of the failure to comply with the provisions of the city ordinance, Burge v. Batson (Tex. Civ. App.) 13 S.W.(2d) 899; Enterprise Co. v. Alexander (Tex. Civ. App.) 6 S.W. (2d) 423; Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W.(2d) 867. We agree with appellees that these exceptions do not constitute reversible error unless the omitted issues were raised by the evidence. But in this case both these issues were duly raised. Thus, it was for the jury to say whether the acts of appellants, pleaded as common-law negligence, constituted a "new independent cause," and under all the evidence in the case whether appellants should have foreseen the result of their failure to comply with the city ordinance.

■ As to appellants E. L. Wilson Hardware Company and Southern Surety Company, the court committed reversible error in rendering judgment against them after receiving from the jury the instructed verdict in their favor. Their liability rested upon the jury's answer to question No. 1, and by the ruling complained of these appellants were denied the right of a jury trial on these issues.

■ Appellant E. L. Wilson Hardware Company erroneously insists that it cannot be held

liable on any theory of law because McDaniel Brothers were their independent contractors. While on the theory of common-law negligence it would not be liable on the negligence of Mc-Daniel Brothers, as independent contractors, yet, on the theory that it, together with Mc-Daniel Brothers, rested under an absolute duty to obey the city ordinance plead by appellees, it was liable for injuries proximately resulting from the failure to comply with the provisions of this ordinance. In Green v. Berge, 105 Cal. 52, 38 P. 539, 45 Am. St. Rep. 25, it was said: "Under Civ. Code, § 832, making it unlawful for the owner of land to remove the lateral support of adjoining land without taking reasonable precautions to sustain it, such owner cannot escape liability for a failure to take such precautions after excavating on his own land by showing that the work was done by a contractor." In Newman v. Pasternack, 103 N. J. Law, 434, 135 A. 877, 879, 50 A. L. R. 482, speaking of the duty of the adjoining landowner to comply with the requirements of the building code for the protection of buildings on adjacent or contiguous property, it was said by the court: "This duty was an absolute one. It could not be delegated. The employment of an independent contractor afforded the defendant no avenue of escape." The following rule is announced by 1 C. J. 1222: "Under the statutory provisions imposing a liability upon the excavating owner, if the excavation exceeds a prescribed depth, such owner is liable, notwithstanding the work is done by an independent contractor without any interference from him."

■ The city ordinance purports to protect buildings "adjoining or contiguous" to the excavation. In this case an 8½-foot alley intervened between appellees' building and the excavation. On the theory that the building was not "adjoining or contiguous" to the excavation, appellants objected to the introduction of the ordinance in evidence. This objection was properly overruled. The word "contiguous" is a relative term and its meaning depends upon the context and the subject under consideration. 13 C. J. 112. "The word contemplates nearness but with intervening spaces." Baxter v. York Realty Co., 128 App. Div. 79, 112 N. Y. S. 455. "Land which is only separated by side walk from the portion of the street to be paved is contiguous to the proposed improvement." Chicago Ry. v. Quincy, 136 Ill. 563, 27 N. E. 192, 29 Am. St. Rep. 334. "The term when employed in reference to a building evidently means in close proximity to the same." Arkell v. Commerce Ins. Co., 69 N. Y. 191, 25 Am. Rep. 169. "The word contiguous in a statute or ordinance, such as has been heretofore discussed, applies to any wall which is near enough to be disturbed by the excavation." Baxter v. York Realty Co., supra, this case holding that a wall 5 feet from the excavation is contiguous. See also Leer-burger v. Hennessey Realty Co., 154 App. Div. 158, 138 N. Y. S. 921, and Gordon v. Automobile Club, 101 Misc. Rep. 724, 167 N. Y. S. 585. In International & G. N. R. R. Co. v. Boles (Tex. Civ. App. 1913) 161 S. W. 914, writ of error refused, it was held, quoting the syllabus: "Land which was separated from a railroad right of way only by a parallel public road, which was condemned, from the landowner was 'contiguous' to the right of way within Rev. Civ. St. 1911, art. 6602, permitting one owning land contiguous to the right of way of a railroad company which has permitted Johnson grass to mature on its land to recover a certain sum and actual damages; the fee of the public road still remaining in the landowner."

Appellee correctly says: "The presence of this private passage-way opened by agreement between the two lot owners, does not prevent the lots from being contiguous in the sense intended by the ordinance. Even if this passage-way or alley be looked upon as a public highway, the lots would still be contiguous under the decision of the Texas Court as above referred to, the fee ownership of the parties being still actually adjoining and touching."

It was an issue of fact whether or not appellees' improvements caused the earth on their lot to sink and slip and cave towards the excavation made by appellants on their lot, or contributed thereto. If on another trial this issue should be found in appellees' favor, then appellants would be liable to appellees for the damages to their improvements proximately caused by the digging of the excavation, independent of negligence, whether at common law or per se. The authorities in support of this proposition are collated in 50 A. L. R. 491.

■■ As they had the legal right to do, appellees pleaded, as their measure of damages, the reasonable and necessary expenses incurred by them to restore their building to its previous condition. The measure of damages was sent to the jury by issue No. 4, whereby the jury was required to find only whether the expenses incurred "were reasonable charges for the said repairs and services." Appellants objected to this question, first, because the jury was not required to find that the charges were necessary. That exception was well taken. Also, in general terms, but sufficient to call the court's attention thereto, appellants objected to issue No. 4 as being multifarious, in that it submitted in one question the different charges for work done, material furnished, and services rendered. These items were presented as separate items and should have been separately submitted to the jury in response to this exception.

For the errors discussed the judgment of the lower court is reversed, and the cause remanded for a new trial.

### On Rehearing.

■ We agree with appellee that the facts of this case are insufficient to raise the issue of "new independent cause" and the discussion in our original opinion on this point is withdrawn. But we believe we are right in holding that the court erred in refusing to submit to the jury the issue that anticipation of the injury suffered by appellees was an essential element of proximate cause. While it appeared, as a matter of law, that appellants did not comply with the city ordinance, the evidence raised the issue that they, in good faith, tried to protect appellees' building. On this issue we quote as follows from appellants' argument on rehearing.

"C. H. McDaniel did testify that they did not underpin and support the Starke building.

"The ordinance referred to provides that that person making an excavation shall underpin and make safe the adjoining or contiguous property. It is undisputed that McDaniel Brothers did not underpin the Starke Building, but they certainly did make safe the adjoining building in so far as they were able to do so. Appellees' witness, S. E. Eckles, the City Building Inspector of Beaumont, showed that McDaniel Brothers did everything they could have done to protect said building. He further stated that it was his duty to see that the adjoining property was made safe and that McDaniel Brothers even did more than he required. The Ordinance only requires that the building shall be made safe, and when McDaniel Brothers did everything they could have done to make said building safe, the ordinance was not violated."

That the negligence relied upon by appellees flows from the violation of a city ordinance does not take out of the issue of proximate cause the element of anticipation of injury. On this issue, in San Antonio & Aransas Pass Railway Co. v. Behne, 231 S. W. 354, 355, the Commission of Appeals said: "When it has been once determined that the act or omission complained of is wrongful or negligent, whether as a result of failure to observe a statutory or common-law duty, liability, in either case, is limited to proximately caused injuries. And the rules for determining proximate cause are the same in either case. Railway v. Barry, 98 Tex. 250, 83 S. W. 5; Burnett v. Fort Worth Co., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504; Railway v. Wilkes (Tex. Civ. App.) 159 S. W. 126; Railway v. Dobbins (Tex. Civ. App.) 40 S. W. 861; Waterman Lumber Co. v. Beatty, 110 Tex. 227, 218 S. W. 363."

■ Also, we adhere to our construction of question 4 that it was multifarious and that error was committed in refusing to submit to the jury the issue as to whether or not the expenses incurred by appellees were necessary to restore their building. Complying with their request that we give the facts upon which we base our conclusion on the issue of necessity, we say that the evidence shows that appellees employed one architect to draw plans and specifications of the necessary repairs for which they paid to him a fee, then they employed a second architect to examine, inspect, and approve the plans of the first architect, for which they paid the second architect a fee. Before being compelled to reimburse appellees for both architectural fees, a jury should find that these fees were necessary. Further, it appears that appellees chose their own architects and repaired their building under their instructions. One of the appellees swore that all things required by their architects were necessary. We think because of the personal interest of this witness the issue of necessity as to the several items of repairs should have gone to the jury.

Both appellants have filed motions for rehearing which have had our careful consideration, and in our judgment are without merit.

Except as indicated, all motions for rehearing are overruled.